OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Leon G. Youngblood, filed May 18, 2005. On July 26, 2004, a Montgomery County Grand Jury indicted Youngblood on one count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2). In another matter, Youngblood was charged with one count of vandalism, a felony of the fifth degree, in violation of R.C. 2909.05(B)(2). A charge of third degree domestic violence was also pending against him. On September 1, 2004, Youngblood pled guilty to felonious assault and vandalism, and in exchange for his pleas the State dismissed the domestic violence charge. The court sentenced Youngblood to an agreed sentence of five years for felonious assault and ten months for vandalism, to be served concurrently. On November 22, 2004, Youngblood filed a motion to withdraw his guilty plea to the felonious assault charge, pursuant to Crim. R. 32.1, and the trial court overruled the motion. Youngblood did not file a petition for post-conviction relief.
 {¶ 2} We will address Youngblood's two assignments of error together. They are as follows:
 {¶ 3} "THE TRIAL COURT ERRED IN FAILING TO HOLD A HEARING ON APPELLANT'S MOTION TO WITHDRAW HIS PLEA OF GUILTY."
 {¶ 4} and
 {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S POST-SENTENCE MOTION TO WITHDRAW GUILTY PLEA BY DOING SO WITHOUT A HEARING ON EVIDENCE DEHORS THE RECORD CONTAINED IN THE AFFIDAVIT SUBMITTED TO SUBSTANTIATE THE CLAIMS RAISED THEREIN."
 {¶ 6} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Crim. R. 32.1. After sentencing, a motion to withdraw a guilty plea is permitted "only in extraordinary cases." State v. Smith (1977),49 Ohio St.2d 261, 264, 361 N.E.2d 1324. "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." State v. Hartzell (Aug. 20, 1999), Montgomery App. No. 17499. "Matters outside the record that allegedly corrupted the defendant's choice to enter a plea of guilty or no contest so as to render the plea less than knowing and voluntary are proper grounds for an R.C. 2953.21 petition for post-conviction relief. * * * [T]he availability of R.C. 2953.21
relief on those same grounds removes them from the form of extraordinary circumstances demonstrating a manifest injustice which is required for Crim. R. 32.1 relief." Id.
 {¶ 7} "[A]n evidentiary hearing is not required on every post-sentence motion to withdraw a plea." State v. Stewart,
Greene App. No. 2003-CA-28, 2004-Ohio-3574. "The movant must establish a reasonable likelihood that withdrawal of his plea is necessary to correct a manifest injustice before a trial court must hold a hearing on his motion." Id.
 {¶ 8} A "defendant's self-serving declarations or affidavits are insufficient to rebut the record on review which shows that his plea was voluntary." State v. Plemons, Montgomery App. No. 21039, 2006-Ohio-1608. Further, recanted testimony "`is unreliable and should be subjected to closest scrutiny.'" Statev. Moore (1994), 99 Ohio App. 3d 748, 755, 651 N.E.2d 1319
(internal citations omitted).
 {¶ 9} The "good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved" by the trial court. Smith. We will not reverse a denial of a motion to withdraw a guilty plea absent an abuse of discretion.State v. Carabello (1985), 17 Ohio St.3d 66, 67,477 N.E.2d 627. "The term `abuse of discretion' connote more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams
(1980), 62 Ohio St.2d 151, 157, 404 N.E. 2d 144.
 {¶ 10} We agree with the State that Youngblood did not demonstrate the existence of "manifest injustice." Youngblood argued that his sentence was unconstitutional pursuant toBlakely v. Washington (2004), 159 L.E.2d 403, 124 S.Ct. 2531. Youngblood also argued ineffective assistance of counsel, specifically asserting that his counsel did not advise him of possible defenses, coached his responses to the judge, and coerced his plea with a promise of leniency. According to Youngblood, because he "was not made aware of the facts or truth of the matter, * * * the plea agreement or `contract' with the State was illusory and unconscionable, and entered into unknowingly, unwillingly, and unintelligently." Later, Youngblood also asserted that his victim recanted her testimony. He initially supported his motion with his own affidavit only. The affidavit of Catherine Walker, his girlfriend and the victim of the felonious assault was filed two months later. Walker averred in her affidavit that "due to our drinking on that night, I can't recall if Mr. Youngblood either brandished a knife, or was responsible for my scratch on the back of my neck, which I further refused medial treatment for. That we've had somewhat of a `combatant relationship' for a number of years, but I know Mr. Youngblood would never seriously hurt me * * *."
 {¶ 11} The trial court correctly noted that Blakely, which held that "`the maximum sentence a judge may impose is one based solely on the facts reflected in a jury verdict or admitted by the defendant,'" has no application to Youngblood's sentence for felonious assault because the court did not impose an enhanced sentence based on facts not admitted by Youngblood.
 {¶ 12} We further agree with the trial court that Youngblood's claims of ineffective assistance of counsel and witness recantation are not grounds to permit a withdrawal of his guilty plea. There is nothing in the record to indicate "a substantial violation of [Youngblood's] counsel's duties and that the violation prejudiced his rights." State v. Lytle (1976),48 Ohio St.2d 391. Further, before accepting his plea, the court addressed Youngblood and determined that he was pleading voluntarily, that he understood the nature of the charge against him and the maximum penalty, that, although he was eligible for community control sanctions, he would instead receive a five year sentence under the plea agreement, that he had a right to a jury trial, to confront witnesses and subpoena witnesses to testify, that the State bore the burden of proving his guilt beyond a reasonable doubt, and that his guilty plea waived his constitutional rights. There is nothing before us, other than Youngblood's self-serving declarations, to rebut the record on review which shows that Youngblood's plea was entered knowingly, intelligently and voluntarily.
 {¶ 13} As to Walker's affidavit, the trial court correctly noted that her statements in her affidavit are unreliable given Youngblood's (knowing and voluntary) plea of guilty to felonious assault. Walker's statements do not demonstrate a manifest injustice pursuant to Crim. R. 32.1.
 {¶ 14} The trial court did not err by failing to conduct an evidentiary hearing on Youngblood's motion. The trial court correctly resolved the issues of Youngblood's lack of good faith, credibility and the weight of his assertions; Youngblood's motion and supporting affidavits did not show a reasonable likelihood that the withdrawal of his plea was necessary to correct a manifest injustice.
 {¶ 15} We note that in his Brief, Youngblood argues that the trial court did not address his argument that the plea agreement was invalid based on contract principles. The record is clear that counsel for Youngblood negotiated a favorable plea agreement with the State and Youngblood acknowledged his understanding thereof on the record.
 {¶ 16} There being no abuse of discretion, Youngblood's assignments of error are overruled, and the judgment of the trial court is affirmed.
 . . . . . . . . . .
Grady, P.J. and Fain, J., concur.