OPINION
{¶ 1} Defendant-appellant Lovill Lofton appeals from an order of the trial court denying his January, 2005 request for copies of court records. Because Lofton did not identify any pending proceeding with respect to which the copies would be material, we conclude that the trial court did not err in denying Lofton's request. Accordingly, the order of the trial court is Affirmed.
 I {¶ 2} In 2003, following a jury trial, Lofton was convicted of Rape, and was sentenced to imprisonment for eight years. He was subsequently classified as a sexual predator. Lofton's conviction and sentence were affirmed by this court on direct appeal. State v. Lofton (January 16, 2004), Montgomery App. 19852. In 2004, Lofton applied to re-open his appeal, pursuant to App.R. 26(B). We denied his application. Lofton appealed from our denial of his application to re-open his appeal. The Ohio Supreme Court dismissed his appeal in September, 2004.
 {¶ 3} In September, 2003, Lofton moved for the production of the trial transcript, and the trial court overruled his motion. This order is not the subject of the current appeal. In January, 2005, Lofton filed a Request for Copies of Court Records. The trial court overruled his January 2005 request. From the order of the trial court overruling his January, 2005 request, Lofton appeals.
 II {¶ 4} Lofton's sole assignment of error is as follows:
 {¶ 5} "THE TRIAL COURT ERRED IN DENYING THE DEFENDANT THE RIGHT TO HAVE A COPY OF HIS TRIAL TRANSCRIPTS FOR THE PURPOSES OF POST APPEAL REMEDIES."
 {¶ 6} In his 2005 Request for Copies of Court Records, Lofton recites that he made a request upon the Clerk of Courts for copies of certain documents, including the transcripts of his trial, and was informed by the Clerk, by letter, that pursuant to R.C. 149.43(B)(4), part of the Ohio Public Records statute, Lofton would first need permission from the trial judge. That subdivision of the statute provides as follows:
 {¶ 7} "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person."
 {¶ 8} In its decision denying Lofton's request, the trial court notes, correctly, that: "The Defendant has failed to demonstrate that the information sought in the public record is necessary to support what appears to be a justiciable claim of the Defendant." Although Lofton, in his Request, includes a conclusory allegation that: "These transcripts are essential to the further prosecution of his case"; and "in order to bolster and prove his claims in Federal Court, it is essential that copies of documents contained in the court file be attached to his petitions," he never informs the trial court of the nature of the claim or case that he intends to, or perhaps is, pursuing in federal court, much less that it is a justiciable claim. Accordingly, we find no error in the trial court's finding that Lofton failed to establish that the information sought in the public record is necessary to support what appears to be a justiciable claim by Lofton.
 {¶ 9} Lofton argues that he is entitled to a complete transcript of his trial under federal constitutional principles, citing Burns v. Ohio (1959), 372 U.S. 477, 484-485,83 S.Ct. 1164, 1168, for the proposition that:
 {¶ 10} "Once the State chooses to establish review in criminal cases, it may not foreclose indigents from access to any phase of that procedure because of their poverty. * * * This principle is no less applicable where the State has afforded an indigent defendant access to the first phase of its appellate procedure but has effectively foreclosed access to the second phase of that procedure solely because of his indigency."
 {¶ 11} Lofton cannot rely upon the holding in Burns v.Ohio, supra, that he cites, because he has not identified any phase of Ohio's procedure presently available to him, appellate or otherwise, to which the transcript of his trial would be material. Similarly, Greene v. Brigano (6th Cir., 1997),123 F.3d 917, which Lofton cites, is distinguishable. In that case, the criminal defendant had an appellate proceeding pending in the form of an application for reconsideration of the judgment of the Franklin County Court of Appeals dismissing his original appeal, when he sought a copy of the trial transcript. He was representing himself, pro se, at that time. Thus, the criminal defendant in that case, unlike Lofton, had a pending phase of his appellate proceedings, to which a copy of his trial transcript would be material, when he requested, and was refused, that copy.
 {¶ 12} R.C. 149.43(B)(4) not unreasonably requires an incarcerated criminal defendant to establish that the information he is seeking at public expense is necessary to support what appears to be a justiciable claim. Lofton failed to identify any claim, justiciable or otherwise, that would require for support the copies of transcripts and court records he was seeking. Accordingly, the trial court did not err in denying his request.
 {¶ 13} Lofton's sole assignment of error is overruled.
 III {¶ 14} Lofton's sole assignment of error having been overruled, the order of the trial court from which this appeal is taken is Affirmed.
Brogan and Wolff, JJ., concur.