OPINION
{¶ 1} On September 27, 2001, Dennis R. Gibson, Jr., pled guilty in the Champaign County Court of Common Pleas to one count of rape, in violation of R.C. 2907.02(A)(2), and gross sexual imposition, both arising out of sexual contact with his daughter. In return, the state dismissed two counts of rape, in violation of R.C. 2907.02(A)(1)(b), with specifications, and agreed to remain silent on the issue of consecutive sentencing. On November 9, 2001, the court held a hearing on sentencing and Gibson's sexual offender status. The court found that Gibson was a sexual predator and sentenced him to nine years in prison for rape and to four years in prison for gross sexual imposition, to be served concurrently.
 {¶ 2} Gibson filed a notice of appeal on October 30, 2002. This appeal was dismissed, as untimely, on December 24, 2002.
 {¶ 3} In July 2004, Gibson filed an application for DNA testing. On October 27, 2004, he filed a motion for judicial release, and on November 12, 2004, he filed a motion to vacate his sentence. On January 29, 2005, the court denied the application for DNA testing, concluding that Gibson was not eligible because he pled guilty and had already received a prior definitive test. The court further denied the request for judicial release, indicating that he was not eligible until he had served five years. The court also denied the motion to vacate.
 {¶ 4} On May 4, 2005, Gibson moved to withdraw his plea and sought relief from his conviction. Gibson asserted that his counsel had rendered ineffective assistance by ignoring his claim of innocence, refusing to obtain requested exculpatory evidence, coercing a plea, and failing to file an appeal based on actual innocence. Gibson filed a supporting affidavit, which claimed that his trial counsel failed to render effective assistance and coerced his plea, and that the prosecutor withheld exculpatory evidence. Gibson also claimed that the trial court erred in denying his application for DNA testing, and in finding him a sexual predator.
 {¶ 5} The trial court denied the motion on July 28, 2005. The court found, in part, that Gibson had been provided that DNA test report, which conclusively showed that his semen was found in the victim's vagina, and that the report was not inconsistent with the victim's medical records. The court found that Gibson had made no showing that the prosecutor had withheld any exculpatory evidence. The court further found no basis for concluding that Gibson's counsel rendered ineffective assistance. The court stated: "The Defendant was indicted on three first-degree felony counts with specifications that could have led to life in prison. After a review of the evidence, defense counsel arranged with the Prosecutor for withdrawal of two of the first-degree indictments and withdrawal of the specifications. Defendant's exposure to prison was reduced by counsel from three life sentences to a maximum exposure of fifteen years, and the ultimate result of only nine years of penalty." The court also found no evidence of ineffective assistance based on Gibson's counsel's failure to file motions. The trial court found, upon review of the record, that Gibson had entered a knowing, intelligent, and voluntary plea, and that he failed to demonstrate that his attorney had misled him.
 {¶ 6} The instant appealed followed. On May 15, 2006, counsel for Gibson filed an Anders brief pursuant to Anders v. California (1967),386 U.S. 738, wherein counsel represented that, after thorough examination of the record, she was unable to discover any errors by the trial court which were prejudicial to the appellant. By order of June 14, 2006, we informed Gibson that his appointed counsel had filed anAnders brief and of the significance of an Anders brief. We granted Gibson sixty days from June 14 to file a pro se brief assigning errors for review by this court. On August 2, 2006, Gibson filed a pro se brief asserting ineffective assistance of trial counsel, prosecutorial misconduct, error by the trial court based on its failure to grant his application for a new DNA test and in finding him a sexual predator, and ineffective assistance of appellate counsel.
 {¶ 7} Pursuant to our responsibilities under Anders, we have independently reviewed the entire record in this case, and, having done so, we agree with the assessment of appointed appellate counsel that there are no arguably meritorious issues for appellate review and that this appeal is frivolous. Simply stated, Gibson did not present evidence to warrant a hearing on his motion to withdraw his plea or to support a conclusion that a manifest injustice occurred. See State v.Youngblood, Montgomery App. No. 21078, 2006-Ohio-4390; State v.Myers, Clark App. No. 2003 CA 1, 2003-Ohio-4717. The record belies Gibson's contentions that his counsel rendered ineffective assistance and that the prosecutor engaged in misconduct. Moreover, we find no arguable basis to conclude that the court erred in denying Gibson's application for a DNA test, as a prior definitive test had been conducted, and in finding him a sexual predator.
 {¶ 8} The judgment of the trial court will be affirmed.
GRADY, P.J. and FAIN, J., concur.