OPINION
{¶ 1} Defendant, Dennis Gibson, appeals from a judgment of the trial court that denied a request Gibson made pursuant to the Federal Freedom of Information Act and the Ohio Public Records Act for documents pertaining to DNA testing performed in connection with a rape offense of which Gibson was *Page 2 
convicted.
 {¶ 2} On September 27, 2001, pursuant to a negotiated plea agreement, Defendant pled guilty to one count of rape in violation of R.C.2907.02(A)(2) and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). In exchange, the State dismissed two counts of rape in violation of R.C. 2907.02(A)(1)(b) and accompanying use of force specifications that would have required a life sentence. All of the charges arose out of Defendant's sexual contact with his daughter. The trial court sentenced Defendant to concurrent prison terms of nine years for rape and four years for gross sexual imposition and designated Defendant a sexual predator.
 {¶ 3} Defendant failed to timely perfect a direct appeal from his conviction and sentence. We denied Defendant's request for leave to file a delayed appeal. State v. Gibson (Dec. 24, 2002), Champaign App. No. 02-CA-36. The Ohio Supreme Court denied review. State v. Gibson,98 Ohio St. 3d 1566, 2003-Ohio-2242.
 {¶ 4} In 2004, Defendant filed motions for DNA testing, for judicial release, and to vacate his conviction and sentence. The trial court denied these motions. In 2005, Defendant filed motions seeking to withdraw his guilty plea, and seeking post-conviction relief. The trial court denied *Page 3 
these motions. We affirmed. State v. Gibson, Champaign App. No 2005-CA-33, 2006-Ohio-6820. This court also denied Defendant's App.R. 26(A) and (B) applications for reconsideration and to reopen his appeal. The Ohio Supreme Court denied review. State v. Gibson,114 Ohio St.3d 1428, 2007-Ohio-2904.
 {¶ 5} On July 25, 2006, Defendant filed a request under the Federal Freedom of Information Act and the Ohio Public Records Act seeking his presentence investigation report, the grand jury minutes, and reports by the Champaign County Child Abuse Response Team and the Department of Job and Family Services. On July 28, 2006, the trial court denied Defendant's public records request. On appeal we affirmed the trial court's decision. State v. Gibson, Champaign App. No. 2006CA26,2007-Ohio-4547.
 {¶ 6} On August 18, 2006, Defendant filed another request under Ohio's Public Records Act, R.C. 149.43, and the Federal Freedom of Information Act, 5 U.S.C. § 552, seeking various scientific documents pertaining to the DNA testing that was done in his case. On October 24, 2006, the trial court denied Defendant's request for these documents because Defendant failed to demonstrate that the information he is seeking is necessary to support any justiciable claim or defense. *Page 4 
 {¶ 7} Defendant timely appealed to this court from the trial court's decision denying his public records request.
ASSIGNMENT OF ERROR
 {¶ 8} "APPELLANT, DENNIS R. GIBSON, JR., STATES THAT THE TRIAL COURT ERRED IN NOT GRANTING HIS REQUEST FOR DOCUMENTS UNDER R.C. 149.43, R.C.2317.39, AND THE FREEDOM OF INFORMATION ACT, SECTION 552, TITLE 5, U.S. CODE."
 {¶ 9} Defendant argues that the trial court abused its discretion in failing to grant his public records request because he has met his burden of showing that the requested information is needed to support a justiciable claim or defense, to the extent Defendant alleges that no rape examination kit exists from which DNA tests could have been performed at the BCI lab in London, Ohio. In essence, Defendant is complaining about the existence of fabricated evidence in this case.
 {¶ 10} First, we note that the Federal Freedom of Information Act, Section 552, Title 5, U.S. Code, does not apply to state or local government agencies or officers. State ex rel. Warren v. Warner,84 Ohio St.3d 432, 1999-Ohio-475. Thus, the question is whether the trial court properly denied Defendant's records request under Ohio's Public Records Act, R.C. 149.43. We answer that question in the affirmative. *Page 5 
 {¶ 11} R.C. 149.43(B)(4) provides:
 {¶ 12} "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person."
 {¶ 13} R.C. 149.43(B)(4) sets forth heightened requirements for inmates seeking public records, and requires an incarcerated criminal defendant to demonstrate that the information he is seeking pursuant to R.C. 149.43 is necessary to support a justiciable claim or defense.State ex rel. Russell v. Thornton, 111 Ohio St.3d 409, 2006-Ohio-5858;State v. Lofton, Montgomery App. No. 20923, 2006-Ohio-4651. *Page 6 
Defendant has failed to make that showing in this case.
 {¶ 14} Defendant has not identified any pending proceeding with respect to which the requested documents would be material.Lofton. Further, because Defendant pled guilty to rape and gross sexual imposition charges, it is difficult to conceive how Defendant could show that the documents he seeks are necessary to support a justiciable claim or defense, inasmuch as Defendant's guilty pleas constitute a complete admission of his guilt. Crim.R. 11(B)(1). That renders irrelevant any claims pertaining to factual guilt, such as allegations that DNA evidence was fabricated.
 {¶ 15} Because of Defendant's guilty pleas, the State was not required to present DNA evidence to prove that Defendant raped his daughter. Furthermore, the scientific documents Defendant seeks do not call into question the voluntariness of Defendant's guilty pleas. Simply put, Defendant has not demonstrated that he has a justiciable claim or defense to present in this case, much less that the documents he is seeking are necessary to support that claim. State v. Totten, Franklin App. No. 05-AP-278, 05-AP-508, 2005-Ohio-6210.
 {¶ 16} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed. *Page 7 
 WOLFF, P.J. And FAIN, J., concur. *Page 1