OPINION
{¶ 1} The State of Ohio appeals from the judgment of the Dayton Municipal Court whereby the court granted appellee, Dujuan C. Sharp, early release from his prison sentence.
 {¶ 2} On August 22, 2006, Sharp was convicted of assault and was sentenced *Page 2 
to 180 days in jail with 14 days credited for pre-trial confinement. On November 28, 2006, Sharp moved for early release contending he had served 108 days of his 180-day sentence and that his disability benefits would be terminated if he continued to be incarcerated. On the same day, the trial court granted Sharp's motion and placed him on supervised probation for two years. The State filed a notice of appeal and a motion for leave to appeal. We overruled the State's motion as unnecessary because the State is permitted to appeal as a matter of right any decision which grants post-conviction relief pursuant to R.C. 2953.21 to2953.24.
 {¶ 3} The State argues in its sole assignment of error that the trial court had no jurisdiction to amend Sharp's sentence once it was imposed and carried into execution absent a clerical error or a void sentence. Sharp argues that the trial court could grant his motion for release and place him on community control consistent with the provisions of R.C.2929.25(A)(1)(a). That section provides that if the court imposes a jail term upon the offender, the court may impose any community control sanction or combination of community control sanctions in addition to the jail time.
 {¶ 4} We agree with the State that the trial court may not amend an executed sentence absent a clerical error or a void sentence. State exrel. Cruzallo v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795; State v.Garretson (2000), 140 Ohio App.2d 597. We also agree that a trial court may impose one or more community control sanctions in addition to the jail term imposed. In this matter, at the time of sentencing the court imposed a six-month sentence upon Sharp. The sentencing entry provided that Sharp was placed on Monitored Time under the general supervision of the probation department for the purpose of reporting violations until the "above community control *Page 3 
sanctions are completed." No community control sanctions other than the Monitored Time were imposed, however, by the trial court. It is clear that the trial court could not amend Sharp's sentence to impose supervised probation upon him when the original sentencing entry provided only for Monitored Time as a community control sanction.Brook Park v. Necak (1986), 30 Ohio App.3d 118.
 {¶ 5} Former R.C. 2929.51(D) permitted a trial judge to modify a sentence at any time after the defendant had been sentenced in a misdemeanor matter. The trial court could suspend the sentence and place the defendant on probation, as the trial court did in this case. R.C.2929.51 was repealed effective January 1, 2004. Thus, absent statutory authority, the trial court may not amend a defendant's sentence after the sentence has been carried into execution. The appellant's assignment of error is Sustained. The Order from which this appeal is taken is hereby Reversed.
WOLFF, P.J., and FAIN, J., concur.
Copies mailed to:
 Patrick J. Bonfield Deirdre Logan Andrew D. Sexton Glen H. Dewar Hon. Bill C. Littlejohn *Page 1