OPINION
{¶ 1} Appellant, Richard Whitmore, appeals from the trial court's refusal to permit him to withdraw his guilty pleas to breaking and entering with a firearm specification, menacing by stalking and robbery, after the trial court imposed an eleven-year sentence upon him. *Page 2 
 {¶ 2} Whitmore was originally charged October 23, 2000, with having a weapon while under disability, breaking and entering with a firearm specification, aggravated robbery and robbery. He moved to suppress certain evidence on December 20, 2000, which was overruled by the trial court on March 26, 2001. He then entered his plea to the reduced charges on April 18, 2002, and was sentenced on May 9, 2001. On March 7, 2005, Whitmore moved to withdraw his guilty pleas.
 {¶ 3} In his motion, Whitmore contended that he entered his guilty pleas only days after trying to kill himself and while he was on medication for a fractured neck. Also, Whitmore claims the trial court sentenced him upon misinformation. Specifically, Whitmore contends he was not previously charged with aggravated robbery in 1998, although the criminal history used by the trial court to sentence him contained this misinformation. Also, he contended he was not on probation for burglary at the time he was sentenced as indicated in the probation report used by the court.
 {¶ 4} In overruling Whitmore's motion, the trial court stated as follows:
 {¶ 5} "Whitmore submits that he was under the influence of `psychotic drugs' when he entered his guilty pleas-specifically, Neurontin, Risperdal, Klonopin, and Zoloft. In support, he presents a letter from a law firm that describes side effects of Neurontin. The letter also alludes to litigation against pharmaceutical companies associated with Neurontin. "Whitmore also submits:
 {¶ 6} "(1) a medical report from Twin Valley Behavioral Healthcare listing the four drugs above as medications dated March 21, 2001;
 {¶ 7} "(2) a record from the Clark County Sheriffs Department reporting an incident in which Whitmore became suicidal on April 20, 2001; *Page 3 
 {¶ 8} "(3) a record from Mental Health Services for Clark County listing the four medications dated April 24, 2001; and
 {¶ 9} "(4) a report from Mercy Hospital following Whitmore [sic] attempted suicide dated April 20, 2001.
 {¶ 10} "While there is ample evidence that Whitmore was likely taking medications and was in an agitated state around the time of his plea, he has not presented sufficient evidence that would merit a hearing on whether his plea was less than knowing, intelligent, and voluntary. There is no evidence about the effect of those medications. Moreover, Whitmore can present no evidence on his condition at the time of the plea other than his own self-serving statements. Further, this claim was not raised until nearly four years after the fact. Due to the untimeliness coupled with the speculative and self-serving evidentiary support, the Court finds that relief is not warranted on this issue."
 {¶ 11} To facilitate the disposition of this appeal, we will begin by addressing Whitmore's second assignment of error. In his second assignment of error, Whitmore contends the trial court abused its discretion in failing to grant him a hearing on his motion. The State notes that we have held that evidentiary hearings are not required on every post-sentence motion to withdraw a guilty plea. State v.Youngblood (Aug. 25, 2006), Mont. App. No. 21078, 2006-Ohio-4390, at ¶ 7. Rather, we held that a movant must establish a reasonable likelihood that the withdrawal is necessary to correct a manifest injustice before a hearing is required. Id.
 {¶ 12} The following occurred in open court when Whitmore entered his guilty pleas: *Page 4 
 {¶ 13} "THE COURT: Mr. Whitmore, are you under the influence of alcohol, drugs, or medication this morning?
 {¶ 14} "DEFENDANT: Yeah, I take medications, but I'm coherent.
 {¶ 15} "THE COURT: All right. The medications do not affect your ability to understand the proceedings?
 {¶ 16} "DEFENDANT: No.
 {¶ 17} "THE COURT: Have you discussed this case with your attorney?
 {¶ 18} "DEFENDANT: I've discussed in part, yes. Some of the things that the prosecutor related to today happened to be three and a half, maybe four years old as far as any physical violence.
 {¶ 19} "THE COURT: I understand that, sir, if you're talking about the history of what occurred before.
 {¶ 20} "DEFENDANT: Okay.
 {¶ 21} "THE COURT: Are you satisfied with the advice and representation your attorney has given you?
 {¶ 22} "DEFENDANT: Yes, with the exception of case 01-229, I — it was to my understanding it was to be dropped to a felony five and serve a maximum of a year on that.
 {¶ 23} "THE COURT: Then this negotiated plea that I have in front of me was not your understanding of what the plea was to be?
 {¶ 24} "DEFENDANT: Everything with the — they left the felony on 01-229. They still have that as felony four. The offer I received was a felony five on that.
 {¶ 25} "THE COURT: I see. *Page 5 
 {¶ 26} "DEFENDANT: If that could be corrected, everything else is in order in this.
 {¶ 27} "THE COURT: Gentlemen, Court's in recess.
 (WHEREUPON, a recess was taken at 10:36 a.m. and the proceedings resumed at 10:37 a.m.).
 {¶ 28} "THE COURT: Mr. Thomas?
 {¶ 29} "MR. THOMAS: Thank you, Your Honor. The plea form or the form that he's discussing was a note that the prosecutor had given me and I sent over to Mr. Whitmore and inadvertently wrote F5 and it should have been F4. I informed him that was my mistake and the charge — the offer to plea which was indicted as an F4 and not F5. He has indicated that he's willing to accept the offer.
 {¶ 30} "THE COURT: Mr. Whitmore, are you on probation, parole, community control, or post release control at this time?
 {¶ 31} "DEFENDANT: My — my probation was terminated with Dave Ellinger. I still owe a fine and it was continued till the fine was paid. That is all I have. I am on nothing further as far as parole or probation.
 {¶ 32} "THE COURT: But they extended your probation because of the fine being
 {¶ 33} "DEFENDANT: Yes.
 {¶ 34} "THE COURT: Do you understand that if you're still on probation, these convictions could be a violation of that probation?
 {¶ 35} "DEFENDANT: Yes, sir." *Page 6 
 {¶ 36} The trial court then explained at some length the charges and the sentences Whitmore faced by pleading guilty. Whitmore stated he understood the nature of the charges and the consequences of his plea. (T. 14 and 15.) The Court then found that Whitmore had entered his pleas knowingly, voluntarily, and intelligently. (T. 16.)
 {¶ 37} Whitmore told the Court at the plea hearing that although he was taking medications, they did not affect his ability to understand the proceedings. There was nothing in the court's colloquy with Whitmore to suggest the medications affected his understanding and appreciation of what he was doing in entering his guilty pleas. Whitmore offered no evidence in support of his motion that the medications in the dosages he was taking could have affected his ability to enter knowing and intelligent pleas. There was absolutely no evidence offered in support of his motion that suggested his trial counsel was constitutionally ineffective for permitting him to enter his pleas while taking medications. Also, Whitmore's own evidentiary material shows that he tried to hang himself in jail two days after he entered his guilty pleas, not before.
 {¶ 38} In Youngblood, we noted that "`the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court.'" Id. at ¶ 9, quoting State v.Smith (1977), 49 Ohio St.2d 261, 264, 3 O.O.3d 402, 361 N.E.2d 1324. In this matter, Whitmore waited four years to assert his innocence and claim he did not enter a knowing and voluntary plea. The trial court did not abuse its discretion in finding that there was no reasonable likelihood that withdrawal of Whitmore's plea was necessary to correct a manifest injustice, and that a hearing was unnecessary. *Page 7 
 {¶ 39} In his first assignment, Whitmore argues that the trial court abused its discretion in denying his motion.
 {¶ 40} Appellant's motion was filed a substantial time after the sentence in this case — three (3) years and ten (10) months — and no appeal was taken from the sentence imposed by the trial court. The only basis under Crim. R. 32.1 for granting the motion must be to correct a manifest injustice and the defendant has the burden to prove the existence of such a manifest injustice. Smith, 49 Ohio St.2d at 264. Moreover, the manifest injustice standard demands a showing of extraordinary circumstances. Smith, supra; State v. Wolford (Sept. 17, 1999), Miami App. No. 99CA10; State v. Reed (Oct. 5, 2001), Clark App. No. 01CA0028. A motion seeking to withdraw a guilty plea is addressed to the sound discretion of the court. Smith, supra; and Reed, supra. Whitmore has failed to demonstrate in his motion that he was the victim of a manifest injustice. The first assignment of error is also Overruled.
 {¶ 41} The Judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.
Copies mailed to:
 Hon. Richard J. O'Neill *Page 1