The STATE of Ohio, Appellee,

v.

BELLAMY, Appellant,

[Cite as *State v. Bellamy*, 181 Ohio App.3d 210, 2009-Ohio-888.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 2008 CA 5

Decided Feb. 27, 2009.

</div>

Nick L. Selvaggio, Champaign County Prosecuting Attorney, and Scott D. Schockling, Assistant Prosecuting Attorney, for appellee.

James Bellamy, pro se.

FROELICH, Judge.

{¶ 1} James Bellamy appeals from an order of the Champaign County Court of Common Pleas, denying his motion for resentencing. For the following reasons, the judgment will be affirmed.

{¶ 2} In July 2006, Bellamy pleaded guilty to one count of forgery and one count of misuse of a credit card. The trial court sentenced him to three years in prison on each count, to be served concurrently with each other and concurrently with a one-year sentence Bellamy had received in Clark County. According to Bellamy, he had served seven months of his Clark County sentence when he was sentenced in Champaign County.

{¶ 3} On January 7, 2008, Bellamy filed a motion for resentencing with the Champaign County court. In his supporting memorandum, Bellamy stated that the Department of Corrections would not give him credit for the seven months that he had served on his Clark County case before he was sentenced in Champaign County. Bellamy asked the trial court to resentence him, giving him credit for those seven months.

{¶ 4} The trial court overruled Bellamy's motion. The court reasoned: "The [C]hampaign County sentencing order that was concurrent with Clark County is not retroactive. It does not apply to time served before the Champaign County

sentence was imposed. It appears that the Department of Corrections is properly applying State law."

{¶ 5} Bellamy appeals from the denial of his motion for resentencing, raising two assignments of error.

{¶ 6} "I. Trial court abused its discretion when it refused to grant appellant time he served."

{¶ 7} In his first assignment of error, Bellamy claims that the trial court abused its discretion when it denied his motion for resentencing and failed to reduce his sentence by the seven months that he had served on his Clark County conviction prior to the imposition of his Champaign County sentence. Bellamy argues that "[p]art of the plea agreement was that Clark County and Champaign County time would run concurrent and Appellant would only serve 29 months."

{¶ 8} The state responds that the trial court properly denied Bellamy's motion, because the motion constituted an untimely petition for postconviction relief, which the trial court had no jurisdiction to consider. The state further argues that even if the trial court had jurisdiction, the trial court's denial of Bellamy's motion was proper.

{¶ 9} As an initial matter, we decline to construe Bellamy's motion as a petition for postconviction relief, pursuant to R.C. 2953.21. R.C. 2953.21 governs challenges to a defendant's conviction or sentence based on violations of the defendant's constitutional rights. *State v. Reynolds* (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131, syllabus; *State v. Spencer*, Clark App. No. 2006 CA 42, 2007-Ohio-2140, 2007 WL 1297171, ¶ 7–8. Bellamy did not assert any constitutional challenges in his motion for resentencing; he merely requested that he be given credit for time previously served on the concurrent Clark County sentence. Although Bellamy suggests on appeal that his plea was involuntary because it was premised on serving only 29 months on the Champaign County charges, Bellamy did not raise the constitutionality of his plea before the trial court. Accordingly, Bellamy's motion will not be construed as a petition for postconviction relief.

{¶ 10} Nevertheless, we agree with the state that the trial court lacked jurisdiction to alter Bellamy's sentence. In general, the trial court does not have authority to reconsider its own valid final judgment in a criminal case. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18; *State v. Sanner*, Greene App. No. 2007 CA 13, 2008-Ohio-1168, 2008 WL 697738, ¶ 11. Absent a clerical error or a void sentence, the trial court may not amend or modify a criminal sentence once it has been executed. *Cruzado* at ¶ 19; *State v. Sharp*, Montgomery App. No. 21958, 2008-Ohio-1618, 2008 WL 867736, ¶ 4; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568.

{¶ 11} The trial court's final judgment is valid on its face, and there is no indication that it contains a clerical error concerning the length of Bellamy's term of imprisonment. Bellamy attached to his motion for resentencing what appears to be an excerpt of the sentencing-hearing transcript. The excerpt reveals that the trial court sentenced Bellamy to three years of imprisonment for the forgery and misuse-of-credit-card charges, to be served concurrently with each other "and concurrent to the Clark County charge." There is no statement that Bellamy was to be given credit for the seven months that he had previously served on the Clark County sentence. Because Bellamy's sentence was valid and no clerical error was apparent, the trial court lacked jurisdiction to reduce Bellamy's sentence by seven months, as requested in Bellamy's motion.

{¶ 12} Moreover, the trial court properly determined that Bellamy's Champaign County sentence did not implicitly include credit for the time Bellamy had previously served on his Clark County sentence. "[T]he imposition of a concurrent sentence normally means that the sentence being imposed is to run concurrently with the *undischarged* portion of the previously imposed sentence." (Emphasis sic.) *Bianco v. Minor* (June 6, 2003), M.D.Pa. No. Civ.A. 303CV0913, 2003 WL 21715347. See also *Richards v. Eberlin,* Belmont App. No. 04–BE–1, 2004-Ohio-2636, 2004 WL 1152863, ¶ 20–22 (stating that concurrent sentences mean that "a person need not finish serving the first sentence before the time for the second sentence can be served, as is the case with consecutive sentences"). As the Eleventh Circuit explained regarding federal criminal sentencing:

{¶ 13} "Whatever else the word [concurrent] means with regard to the second sentence, however, it does not mean that the two sentences 'hav[e] the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.' " *Coloma v. Holder* (C.A.11, 2006), 445 F.3d 1282, 1284, quoting *United States v. Flores* (C.A.5, 1980), 616 F.2d 840, 841.

{¶ 14} Using the common understanding of the term "concurrent," the trial court's sentence indicates that the two concurrent three-year terms in Champaign County were to run concurrently with the portion of Bellamy's sentence that remained to be served in Clark County.

{¶ 15} In reaching our conclusion, we make no findings as to whether the trial court had authority under Ohio law to order retroactive concurrent sentences. Even assuming that such authority exists, however, we would not presume that the court had imposed retroactive concurrent sentences in the absence of clear and unambiguous statements from the trial court expressing its intent that the start dates of the newly-imposed concurrent sentences were to relate back to the start date of the previously imposed sentence. Neither Bellamy's sentencing entry nor the transcript excerpt contains any such statements.

{¶ 16} Bellamy's first assignment of error is overruled.

{¶ 17} "II. Trial court refuse[d] to grant appellant a copy of transcripts at state expense."

{¶ 18} In his second assignment of error, Bellamy claims that the trial court erred in refusing to provide him with a transcript of the sentencing hearing at the state's expense.

{¶ 19} According to appendix B to Bellamy's appellate brief, on April 2, 2008, Bellamy filed a "Statement, Praecipe, and Notice to Court Reporter" seeking a transcript of his July 18, 2006 sentencing hearing. On April 14, 2008, the trial court "decline[d] to order preparation of the transcript of the sentencing hearing on an indigency basis." We find no fault with the trial court's ruling for several reasons.

{¶ 20} First, Bellamy filed his notice of appeal on February 20, 2008, prior to his request for a transcript and the trial court's denial of that request. Thus, the trial court had only the excerpt of the sentencing hearing transcript attached to Bellamy's motion when it denied Bellamy's motion for resentencing.

{¶ 21} Courts of appeals generally may not supplement the record and resolve an appeal based on evidence that was not before the trial court. See *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, at paragraph one of the syllabus. This is true even when the trial court failed to consider a transcript in resolving a petition for postconviction relief, where constitutional arguments were raised. Id. at paragraph two of the syllabus ("Where a trial court, in denying a petition for postconviction relief pursuant to R.C. 2953.21, does not consider a transcript of proceedings of the hearing at which the guilty pleas were entered, a Court of Appeals cannot add that transcript to the record before it and then decide the appeal on the basis of matter disclosed by the transcript"). Considering that we would have been unable to supplement the record and consider Bellamy's sentencing hearing transcript even if his motion for resentencing were construed as a petition for postconviction relief, we see no basis for supplementing the record with Bellamy's sentencing hearing transcript under the circumstances before us, where Bellamy's motion for resentencing raised no constitutional arguments.

{¶ 22} Second, as noted above, Bellamy attached an excerpt of the sentencing hearing transcript to his motion for resentencing. Thus, the record reflects that a transcript had been prepared and that Bellamy has had access to a transcript of the sentencing hearing.

{¶ 23} Finally, to the extent that Bellamy's first assignment of error concerns the meaning of the term "concurrent," that issue presents a question of law, for which a transcript is unnecessary.

{¶ 24} The second assignment of error is overruled.

{¶ 25} Having overruled the assignments of error, we will affirm the judgment of the trial court.

Judgment affirmed.

BROGAN and FAIN, JJ., concur.