[Cite as *State v. Faircloth*, 2011-Ohio-3727.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellant                     :  C.A. CASE NOS. 24395 and

                                        24396

v.                                               :          T.C. NOS. 09CRB14303
                                                         10CRB05

AUNDRAY FAIRCLOTH                               :

    Defendant-Appellee                      :          (Criminal appeal from
                                          Municipal Court)

                                                :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the   29th   day of    July   , 2011.

· · · · · · · · · ·

ANDREW D. SEXTON, Atty. Reg. No. 0070892, Assistant City Prosecutor, 335 W. Third Street, Room 372, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellant

JEFFERY S. REZABEK, Atty. Reg. No. 0069117, 111 West First Street, Suite 519, Dayton, Ohio 45402
        Attorney for Defendant-Appellee

· · · · · · · · · ·

FROELICH, J.

{¶ 1}  Plaintiff-appellant State of Ohio appeals from the trial court's modification of

defendant-appellee Aundray Faircloth's sentences, placing him on community control.  For

the following reasons, we affirm the judgment of the trial court.

I

{¶ 2}   On January 12, 2010, Faircloth pled guilty in Case No. 09CRB14303 to prohibitions concerning companion animals, a misdemeanor of the first degree; on the same date, in Case No. 10CRB5, he pled guilty to another first degree misdemeanor, domestic violence.   On February 9, 2010, after a presentence investigation, Faircloth was sentenced on each case.   He was placed on community control with a suspended jail term.   Faircloth's community control was revoked on September 15, 2010, and the suspended jail term imposed.   On November 3, 2010, Faircloth filed a motion for early release.   A hearing was held on November 9, 2010, and the State objected to the modification, arguing that the court did not have jurisdiction to modify the sentence.   On December 14, 2010, the trial court granted Faircloth's motion for early release and placed him on community control, suspending the remainder of his sentence.   The same day, the State filed a timely notice of appeal.

II

{¶ 3}   The State's first assignment of error states:

{¶ 4}   "THE TRIAL COURT ERRED BY GRANTING EARLY RELEASE OR OTHERWISE MODIFYING A VALID, FINAL JUDGMENT OF SENTENCE LEVIED AGAINST THE APPELLEE WITHOUT JURISDICTION."

{¶ 5}   At the hearing on the motion for early release and on appeal, the State argued that there was no statutory authority under which the court could modify Faircloth's sentence. A court may not modify a valid sentence that has been executed, unless authorized

by statute or rule. *State v. Garretson* (2000), 140 Ohio App.3d 554, 558, citing *State v. Addison* (1987), 40 Ohio App.3d 7. A trial court had the statutory authority to modify a misdemeanor sentence until R.C. 2929.51 was repealed in January of 2004. *State v. Sharp*, Montgomery App. No. 21958, 2008-Ohio-1618, ¶5. See, also, *State v. Lee*, Montgomery App. No. 23516, 2010-Ohio-3914. On September 17, 2010, two days after Faircloth's revocation and sentencing, an amendment which added a second sentence as R.C. 2929.24(B)(1), became effective.

**{¶ 6}** R.C. 2929.24(B)(1) now provides: "A court that sentences an offender to a jail term under this section may permit the offender to serve the sentence in intermittent confinement or may authorize a limited release of the offender as provided in division (B) of section 2929.26 of the Revised Code. The court retains jurisdiction over every offender sentenced to jail to modify the jail sentence imposed at any time, but the court shall not reduce any mandatory jail term."

**{¶ 7}** In interpreting a statute, a court must rely on the plain meaning unless there is ambiguity. *MCI Telecommunications Corp. v. Tracy* (1992), 84 Ohio App.3d 465, 471. "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." R.C. 1.42.

**{¶ 8}** The State argues that this authority – to modify a misdemeanor sentence – did not exist until September 17, 2010, and the defendant was sentenced (either the original sentence or the revocation) before that date. Therefore, the State concludes, the trial court "was without jurisdiction on December 14, 2010 to amend or modify a valid sentence executed on September 15, 2010. The applicable law on the date of the executed jail term

did not provide for amendment or modification."

{¶ 9} The statutory language, read plainly, indicates the General Assembly's intent to grant sentencing courts   jurisdiction to modify, at any time, the sentences of misdemeanor offenders sentenced to jail.   If there is any ambiguity, and we do not believe that there is, the clause "at any time" could be read to apply to three separate parts of the sentence.   It may read:    "The court retains jurisdiction *at any time* over every offender sentenced to jail *at any time* to modify the jail sentence imposed *at any time*."   Under any of these constructions, the statute is applicable to offenders sentenced after the effective date, as well as those sentenced before and currently in jail.   Under the plain meaning of the statute, the trial court had jurisdiction to modify a jail sentence on December 14, 2010, which was after the effective date of R.C. 2929.24(B)(1).

{¶ 10} The State's first assignment of error is overruled.

III

{¶ 11} The State's second assignment of error states:

{¶ 12} "THE   TRIAL   COURT'S   MODIFICATION   OF   APPELLEE'S EXECUTED SENTENCE WAS VOID."

{¶ 13} The State's second assignment rests upon the first.   The trial court had the authority to act and the judgment is not void.

{¶ 14} The State's second assignment of error is overruled.

VI

{¶ 15} Having overruled both of the State's assignments of error, the judgment of the trial court is Affirmed.

. . . . . . . . . .

HALL, J. and RICE, J., concur.

(Hon. Cynthia Westcott Rice, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Andrew D. Sexton
Jeffery S. Rezabek
Hon. Carl Sims Henderson