[Cite as *State v. Jackson*, 2013-Ohio-3650.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                          :

     Plaintiff-Appellee                          :          C.A. CASE NO.     25478

v.                                                              :          T.C. NO.     10CR1126

DENNIS D. JACKSON                              :              (Criminal appeal from
                                                                          Common Pleas Court)

     Defendant-Appellant                      :

                                                                :

. . . . . . . . . .

## O P I N I O N

Rendered on the    23rd    day of      August     , 2013.

. . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DENNIS D. JACKSON, #645-759, Lebanon Correctional Institute, P. O. Box 56, Lebanon, Ohio 45036
        Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

     **{¶ 1}** Dennis D. Jackson appeals from a judgment of the Montgomery

County Court of Common Pleas, which denied his motion for the preparation, at the State's expense, of a transcript of the pre-trial video deposition of Christopher Monturo, one of the State's witnesses.

## I. Factual and Procedural History

**{¶ 2}** On the night of March 19, 2010, Antoine West was robbed and fatally shot in an apartment. Thomas Horn and Kimberly Carl, who were also in the apartment, were unharmed. An investigation by the police led the detectives to believe that Jackson had been the assailant, that Jackson shot West with a gun Jackson had borrowed from an acquaintance (Dion Sims), and that Jackson had taken a large sum of money from West. Jackson was subsequently indicted on three counts of murder, two counts of aggravated burglary, two counts of aggravated robbery, and two counts of felonious assault. All of the charges included a firearm specification.

**{¶ 3}** The case was set for trial on August 30, 2010. On that date, however, the State informed the court that it had been unable to locate Horn, who was a key witness. The State requested a continuance and asked the court to issue a material witness warrant for Horn. The trial court granted the State's requests and reset the trial for September 20, 2010.

**{¶ 4}** On September 2, 2010, the State moved for permission to take a video deposition of Christopher Monturo, firearm examiner for the Miami Valley Regional Crime Laboratory, who conducted tests, examinations, and comparisons of the bullets, firearms, and shell casings involved in Jackson's case. The prosecutor indicated that Monturo would be unavailable to testify during the week of September 20, because he would be an instructor at a training seminar offered by the Bureau of Alcohol, Tobacco, and Firearms in Maryland.

The trial court granted the motion.

{¶ 5}    Later the same day (September 2), the State filed a notice that Monturo's deposition was scheduled for 10:00 a.m. on September 7 in Courtroom 1 of the Montgomery County Court of Common Pleas.   A copy of the notice of deposition was sent to defense counsel by facsimile and first-class mail, and the deposition proceeded as scheduled.

{¶ 6}    Jackson's trial began on September 20, 2010.   However, the trial ended in a mistrial after one of the State's witnesses, Dion Sims, revealed during his testimony that he had taken a lie detector test.   Monturo's video deposition was never played at the trial.

{¶ 7}    In December 2010, a second jury trial was held, during which the State presented 23 witnesses, including Monturo.   The State did not play Monturo's prior video deposition because Monturo appeared and testified in person at the December 2010 trial.

{¶ 8}    At the conclusion of the trial, the jury found Jackson guilty of all charges and specifications.   Jackson filed a motion for a new trial and/or acquittal, which the trial court denied.   At sentencing, several of the counts and all of the firearm specifications were merged, and Jackson received an aggregate prison term of 28 years to life.   Jackson subsequently filed a timely appeal from his conviction, raising numerous assignments of error.   In May 2012, we overruled each of the assignments of error and affirmed Jackson's conviction.   *State v. Jackson*, 2d Dist. Montgomery No. 24430, 2012-Ohio-2335.

{¶ 9}    On October 11, 2012, Jackson filed a motion for the preparation, at the State's expense, of a complete transcript of the video deposition of Christopher Monturo. Jackson asserted that the deposition was necessary to demonstrate a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and his actual innocence.

Relying on *State v. Lofton*, 2d Dist. Montgomery No. 20923, 2006-Ohio-4651, the trial court denied Jackson's motion, stating:

> The Second District Court of Appeals has ruled there is no duty to provide a criminal defendant with copies of court records when the judgment of conviction and sentence has become final, with no appeal or petition for post-conviction relief pending, and the defendant has not established that the records sought are necessary to support what appears to be a justiciable claim.

{¶ 10} Jackson appeals from the trial court's judgment, raising two assignments of error.

## II. Analysis

{¶ 11} Jackson's assignments of error state:

> I. Appellant was denied a fair trial by the prosecutor's failure to disclose "*Brady* material" in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the State of Ohio Constitution.

> II. The trial court abused it's [sic] discretion and erred to the prejudice of the Appellant and denied him redress in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 16 of the State of Ohio Constitution.

{¶ 12} In his first assignment of error, Jackson contends that he was denied a fair trial because the State failed to disclose evidence favorable to him, in violation of *Brady v.*

*Maryland*. His second assignment of error claims that the trial court violated his constitutional rights by failing to provide him a copy of Monturo's video deposition.

{¶ 13} In his appellate brief, Jackson claims that Monturo's video deposition testimony was exculpatory and that the evidence was improperly withheld from him by the State. An appeal from the denial of a request for a transcript is not the appropriate procedure for raising an alleged *Brady* violation by the State. R.C. 2953.21, the post-conviction relief statute, governs challenges to a defendant's conviction based on violations of the defendant's constitutional rights. *E.g., State v. Bellamy*, 181 Ohio App.3d 210, 2009-Ohio-888, 908 N.E.2d 522, ¶ 8 (2d Dist.). The decision from which Jackson appeals did not concern a petition for post-conviction relief. Accordingly, whether Jackson was denied a fair trial by the State's alleged failure to provide *Brady* material is not properly before us. Jackson's first assignment of error is overruled.

{¶ 14} The issue properly before us is whether the trial court erred in denying Jackson's request for a transcript of Monturo's video deposition, to be prepared at the State's expense. An indigent prisoner has a right to relevant portions of a transcript, at public expense, upon direct appeal or in seeking post-conviction relief. *State ex rel. Murr v. Thierry*, 4 Ohio St.3d 45, 517 N.E.2d 226 (1987). However, a direct appeal or post-conviction action must be pending at the time the transcript is sought, and only one copy of a transcript need be provided. *Id.*

{¶ 15} Jackson filed his motion for preparation of a complete transcript of Monturo's video deposition in October 2012, five months after we affirmed his conviction on direct appeal. At that time, Jackson's conviction was final, and no direct appeal or

post-conviction action (or any other motion) was pending. Accordingly, Jackson had no right to a copy of Monturo's deposition transcript when his motion seeking the transcript was filed.

{¶ 16} R.C. 149.43(B)(8) (formerly R.C. 149.43(B)(4)) allows an incarcerated defendant to have a free copy of trial records in certain circumstances. *E.g., Lofton*, 2d Dist. Montgomery No. 20923, 2006-Ohio-4651. That provision reads:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

R.C. 149.43(B)(8).

{¶ 17} R.C. 149.43(B)(8) does not apply to Jackson, since the trial court did not find that a copy of Monturo's deposition transcript was necessary for Jackson to advance a colorable claim for relief. *See Lofton*, *supra*; *State v. Reynolds*, 2d Dist. Montgomery No. 19964, 2004-Ohio-2954, ¶ 5. Although Jackson asserted that Monturo's deposition testimony was exculpatory and was "necessary to effective pursuit of a prima facie showing

of" actual innocence and a *Brady* violation, Jackson's motion provided no basis for the trial court to conclude that Jackson had a justiciable claim.

{¶ 18}   Finally, Jackson's counsel was notified of the date and time of Monturo's deposition, which was held in a courtroom at the Montgomery County Common Pleas Court, and there is nothing in the record to suggest that Jackson was unaware of Monturo's deposition testimony at the time of his December 2010 trial.   Indeed, the State indicates that Jackson and his counsel were present for the video deposition, that it was conducted in the courtroom with the trial court presiding, that defense counsel cross-examined Monturo, and that defense counsel and the prosecutor each received a CD of the video deposition. Jackson has not indicated why he cannot obtain a copy of the CD of Monturo's video deposition from his trial counsel.

{¶ 19}   Accordingly, the trial court did not err in denying Jackson's motion for the preparation, at public expense, of a transcript of Monturo's deposition testimony.   Jackson's second assignment of error is overruled.

### III.

{¶ 20}   The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, P.J. and DONOVAN, J., concur.

Copies mailed to:

Andrew T. French
Dennis D. Jackson
Hon. Michael L. Tucker