[Cite as *State v. Evans*, 2026-Ohio-473.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025CA00113 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Stark County Court of Common Pleas, Case No. 2023CR1304 |
| QUINTIN C. EVANS, | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: February 11, 2026 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** No Appearance, for Plaintiff-Appellee; QUINTIN C. EVANS, PRO SE, Defendant-Appellant.

*Montgomery, J.*

{¶1} Defendant/Appellant Quintin Evans has filed a pro se appeal to the Judgment Entry of the Guernsey County Court of Common Pleas filed on July 31, 2025, that denied his Motion for Request for Public Records Pursuant to R.C. 149.43(B)(8). Plaintiff/Appellee is the State of Ohio.

**STATEMENT OF THE CASE**

{¶2} A statement of the facts underlying Defendant/Appellant Quintin Evans' ("Evans") conviction and sentence is not necessary for our resolution of this appeal. In the underlying case, Evans was convicted of one count of pandering obscenity involving a minor and one count of unlawful sexual conduct with a minor on August 17, 2023.

{¶3} Evans is currently an inmate in the Richland County Correctional Institution. Evans filed a Motion for Request for Public Records (With Justiciable Claim Pursuant to R.C. 149.43(B)(8)) in the Stark County Court of Common Pleas on July 31, 2025.

{¶4} Evans requested the Clerk of the Court from Richard County Common Pleas Court to provide a copy of the plea/sentencing entry in Case No. 2023-CR-1304 pursuant to R.C. 149.43(B)(8). *Motion*, p. 1.

{¶5} Evans sought the document, "for any possible collateral or motion for leave to file delayed appeal pursuant to Ohio Rule of Appellate procedures and Fifth District Court of Appeals Local Appellate Procedures." *Motion*, p. 2.

{¶6} The trial court denied Evans' request stating that, "[h]e has not set forth any reasons as to why the requested records are needed to support a 'justiciable claim'." *Judgment Entry*, p. 2.

{¶7} Evans appealed the trial court's judgment entry and asserts the following error:

{¶8} "I. THE TRIAL COURT ABUSED OF DISCRETION [SIC] BY DENYING APPELLANT'S REQUESTED PUBLIC RECORD PURSUANT TO R.C. 149.43(B)(8) WHERE APPELLANT REQUESTED A JUSTICIABLE CLAIM."

## STANDARD OF REVIEW

**{¶9}** This Court will determine if the trial court abused its discretion by denying Evans' Motion for Request for Public Records. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 5 Ohio B. 481, 450 N.E.2d 1140 (1983).

## ANALYSIS

**{¶10}** The Ohio Supreme Court construes the Public Records Act "liberally in favor of broad access" to public records. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376 (1996).

**{¶11}** R.C. 149.43(B)(1) requires a public office to make copies of public records available to any person on request and within a reasonable period of time. *State ex rel. McDougald v. Greene*, 2020-Ohio-3686, ¶ 9.

**{¶12}** R.C. 149.43(B)(8) sets requirements for incarcerated persons seeking public records related to a criminal investigation or prosecution.

**{¶13}** R.C. 149.43(B)(8) provides as follows:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject

to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

**{¶14}** This Court has found, "This statute 'sets forth heightened requirements for inmates seeking public records, and requires an incarcerated criminal defendant to demonstrate that the information he is seeking pursuant to R.C. 149.43 is necessary to support a justiciable claim or defense.' " *State v. Benson*, 2022-Ohio-2126, ¶ 22 (5th Dist.), citing *State v. Gibson*, 2007-Ohio-7161, ¶ 13 (2d Dist.). "A justiciable claim does not exist where an inmate fails to identify 'any pending proceeding with respect to which the requested documents would be material * * *.' " *Id.*, at ¶ 22.

**{¶15}** Evans' motion requested the Clerk of Court to provide a copy of a plea/sentencing entry for any possible collateral or motion for leave to file delayed appeal. The trial court denied Evans' request finding that he had not set forth any reasons as to why the requested documents are needed to support a justiciable claim.

**{¶16}** As previously held by this Court, a justiciable claim does not exist where an inmate fails to identify a pending proceeding with which the requested documents would be material.

**{¶17}** In the case sub judice, there is no pending proceeding.

**{¶18}** Evans has failed to establish a justiciable claim in a pending proceeding for which the requested documents would be material. Therefore, he has failed to meet the threshold requirement of a public records request pursuant to R.C. 149.43(B)(1).

Accordingly, the trial court did not abuse its discretion in denying his motion and Evans' sole assignment of error is overruled.

## CONCLUSION

{¶19} For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is Affirmed.

{¶20} Costs to Appellant.

By: Montgomery, J.

King, P.J. and

Popham, J. concur.