OPINION
{¶ 1} David D. Burns appeals pro se from the trial court's decision and entry overruling his motion to modify consecutive sentences that he received in 1988 following convictions for aggravated murder, aggravated robbery, aggravated burglary, and child endangering.
 {¶ 2} In his sole assignment of error, Burns advances two arguments concerning the imposition of his sentences. For the offenses other than aggravated murder, he argues that the trial court violated R.C. §2929.41 by imposing an aggregate minimum term of incarceration exceeding twenty years. With regard to the aggravated murder conviction, he contends the trial court erred in failing to state when he is eligible for parole.
 {¶ 3} The record reflects that the trial court sentenced Burns in 1988 to a mandatory term of life in prison for the aggravated murder conviction. For the aggravated robbery and aggravated burglary convictions, he received two indefinite sentences of ten to twenty-five years. For the child endangering conviction, he received an indefinite sentence of four to ten years. The trial court ordered all of the sentences to be served consecutively. Burns subsequently filed a direct appeal, arguing only that the crimes of aggravated murder and child endangering were allied offenses of similar import. We rejected this argument and affirmed the trial court's judgment in State v. Burns (June 14, 1990), Montgomery App. No. 11216. Thereafter, on April 7, 2003, Burns filed his motion to modify his sentences. The trial court overruled the motion on May 19, 2003, on the basis that an offender must file such a motion before execution of sentence. Burns then filed a timely notice of appeal on May 27, 2003. After filing his notice of appeal, he moved in the trial court to "amend" his failed motion from one seeking sentence modification to a motion for correction of judgment of conviction. According to the State, the trial court overruled this motion on June 23, 2003.[1] Given that Burns has appealed from the trial court's denial of his motion to modify his sentences, and not the trial court's subsequent denial of the motion to amend, we will confine our analysis to the motion to modify and the trial court's ruling thereon.
 {¶ 4} As noted above, the trial court overruled the motion to modify Burns' sentences, noting that under the applicable version of R.C. § 2929.51 such a motion must be filed before execution of an offender's sentence. See State v. Lambert (June 28, 1999), Richland App. No. 98 CA110 (applying the pre-S.B. 2 version of R.C. § 2929.51 to a defendant who committed his crimes prior to July 1, 1996, and filed his motion to modify his sentences after that date); State v. Hutchinson
(April 27, 2001), Montgomery App. No. 18451 (same). In Hutchinson, we recognized that execution of a sentence is commenced when a defendant is delivered from a temporary detention facility to a penal institution of the executive branch. In the present case, this delivery occurred many years ago. Therefore, the trial court properly determined that sentence modification is unavailable. Even if Burns had presented his arguments in another form, such as a motion for post-conviction relief, the motion would be time barred. See State v. Culberson, 142 Ohio App.3d 656, 662,2001-Ohio-3261 (recognizing that individuals convicted prior to September 21, 1995, had one year from that date to move for post-conviction relief). His arguments also would be barred by res judicata. As the State notes, the sentencing errors Burns alleges do not depend on evidence outside the trial record, and he could have raised the issues years ago in his direct appeal. Nevertheless, we briefly will address the merits of Burns' arguments to clarify his own confusion about his sentences.
 {¶ 5} Burns first contends that R.C. § 2929.41 required the trial court to cap his aggregate minimum term of incarceration for all of his crimes at twenty years. We disagree. The version of R.C. §2929.41(E) in effect at the time of his crimes provided in part that consecutive terms of imprisonment shall not exceed "[a]n aggregate minimum term of twenty years, when the consecutive terms imposed include a term of imprisonment for murder and do not include a term of imprisonment for aggravated murder." (Emphasis added). Ohio courts have recognized that offenders whose sentences do include a term of incarceration for aggravated murder "receive no benefit from the statute." State v. Elam, 68 Ohio St.3d 585, 587, 1994-Ohio-317; State v.Wallen (Sept. 18, 1989), Clermont App. No. CA88-12-091 (noting that "[u]nder the express language of the statute, when consecutive sentences are imposed for several felonies, one of which is aggravated murder, the twenty-year limitation does not apply").
 {¶ 6} In support of his argument, Burns cites a committee comment following R.C. § 2929.41(E). The comment appears to contain an error, as it directly contradicts the language of the statute. It states, among other things, that "[t]he total minimum term, however, may not exceed 20 years when one of the sentences is for aggravated murder[.]" This statement is contrary to R.C. § 2929.41(E), which, as noted above, imposes a twenty-year cap when one of the sentences is formurder, but expressly excludes cases involving a conviction foraggravated murder. Upon review, we decline to follow the committee comment and elect instead to follow the language of the statute itself and the case law set forth above. Accordingly, we reject Burns' first argument.
 {¶ 7} In his second argument, Burns contends the trial court erred in sentencing him to life in prison without specifying when he would be eligible for parole on the aggravated murder conviction. We agree that the trial court's termination entry improperly failed to address parole eligibility on this conviction. At the time of Burns' conviction, however, it appears that his only possible sentence was life in prison with parole eligibility after twenty years. Although R.C. § 2929.02
made a life sentence mandatory, the version of R.C. § 2929.03 then in existence compelled the trial court to "impose a sentence of life imprisonment with parole eligibility after serving twenty years * * *." While the trial court merely imposed a life sentence, prison records attached to Burns' motion properly reflect a minimum sentence of twenty years for that conviction. As a result, we find no prejudice flowing from the technical omission in the trial court's termination entry.
 {¶ 8} Contrary to Burns' argument on appeal, we also find no ambiguity in his sentence. As his prison records indicate, his aggregate sentence on all counts is forty-four years to life. The minimum on the aggravated murder conviction is twenty years. The minimums on the aggravated robbery and aggravated burglary convictions are ten years each, and the minimum on the child endangering conviction is four years. The trial court ordered all of these sentences served consecutively, resulting in an aggregate minimum sentence of forty-four years.
 {¶ 9} For the foregoing reasons, the judgment of the Montgomery County Common Pleas court is affirmed.
Grady, J., and Young, J., concur.
[1] Neither Burns' motion to amend nor the trial court's ruling thereon is a part of the record before us.