OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Brian Spencer, filed April 27, 2006. On August 30, 2004, Spencer was indicted on one count of domestic violence, in violation of R.C. 2919.25. On September 23, 2004, Spencer pled guilty to domestic violence, a felony of the third degree, and he was sentenced to five years and six months in prison. In *Page 2 
exchange for his plea, the State dismissed two other indictments against him, one for witness intimidation and a separate charge of domestic violence. Spencer was previously convicted of domestic violence on January 29, 2004 and June 17, 1996. On November 3, 2004, Spencer filed a pro se Notice of Appeal. On August 31, 2005, Spencer filed a Motion to Withdraw Plea, attached to which was a letter from Spencer's wife and victim, Kelly Spencer, stating that "Brian did not hit me or put his hands on me in any way." On February 17, 2006, we affirmed Spencer's conviction and sentence. On April 4, 2006, the trial court overruled Spencer's Motion to Withdraw Plea.
 {¶ 2} Spencer asserts one assignment of error as follows:
 {¶ 3} "THE TRIAL COURT ERRED IN OVERRULING THE MOTION TO WITHDRAW PLEA"
 {¶ 4} In overruling Spencer's Motion, the trial court determined that, although "Spencer raises this matter under Crim. R. 32.1, the timing and substance make it tantamount to a petition for post-conviction relief under R.C. 2953.21," citing State v. Hill (Sept. 4, 1998),129 Ohio App.3d 658, 718 N.E.2d 978. In Hill, the Defendant, who failed to timely appeal, moved to withdraw his plea two years after he was sentenced, contending that his counsel's ineffectiveness rendered his plea involuntary. The trial court overruled his motion without a hearing "but evidently did not consider the motion to be a postconviction motion under R.C. 2953.21." Id. The appellate court, however, did treat his motion to withdraw his plea as a postconviction petition: "A post sentence motion to withdraw a guilty plea, based on allegations of constitutional violations, must be filed before the expiration of time for a direct appeal. Otherwise, such a motion is a postconviction petition for relief. This court believes that this *Page 3 
bright line rule is not only compelled by the statutory law but also necessary to prevent abuse of the court's resources. A litigant cannot be allowed to circumvent the legislatively mandated requirements of R.C. 2953.21 by styling his action as a motion to withdraw a guilty plea, when it is in fact a motion for postconviction relief." Id. "Hill did not file in time. Further, he failed to demonstrate that he should be allowed to file a delayed postconviction petition under R.C. 2953.23(A). Consequently, the trial court was without jurisdiction to consider the merits of Hill's claim." The court affirmed the dismissal of Hill's motion, "even though the trial court relied on other grounds to deny relief." Id.
 {¶ 5} The State relies on State v. Reynolds, Putnam App. No. 12-01-11, 2002-Ohio-2823, which criticized Hill as follows: "The Hill decision was based largely on the Ohio Supreme Court's decision in State v.Reynolds (1997), 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131 in which the court held, `Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such motion is a petition for post conviction relief as defined in R.C. 2953.21.' Id. at syllabus. While we fully embrace the First District's rationale that `a litigant cannot be allowed to circumvent the legislatively mandated requirements of R.C. 2953.21 by styling his action as a motion to withdraw a guilty plea,' Hill at 661, 718 N.E.2d 978, we disagree with Hill's interpretation ofReynolds since Reynolds was considering a vaguely titled `Motion to Correct or Vacate Sentence, and not a motion filed pursuant to a specific rule of criminal procedure. Since there was no controlling rule or statutory provision governing or providing for a Motion to Correct or Vacate Sentence, the Ohio State Supreme Court looked at the contents of the defendant's motions and determined that *Page 4 
substantively it was a petition for post conviction relief and then treated it as such. * * * To conclude, as did the court inHill, that the Ohio Supreme Court meant for the post-conviction statute to subsume all motions brought pursuant to Crim. R. 32.1 alleging constitutional deprivations is an unreasonable interpretation ofReynolds. "
 {¶ 6} The State also relies on State v. Cale (March 23, 2001), Lake App. No. 2000-L-34, which declined to follow Hill for the following reasons: "R.C. 1.51 codifies a fundamental principle of statutory construction that: `If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.' (Internal citation omitted).
 {¶ 7} "R.C. 2953.21 is a general provision governing claims alleging a denial of constitutional rights. Crim. R. 32.1 is a special provision, which applies only to withdrawals of guilty pleas. Crim. R. 32.1 states: `A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.' While petitions filed under R.C. 2953.21 are subject to an explicit time limitation, motions under Crim. R. 32.1 are not. From reading R.C. 2953.21, we are unable to discern an intention by the General Assembly that post-appeal motions to withdraw guilty pleas would be subsumed by R.C. 2953.21."
 {¶ 8} R.C. 2953.21 (A)(1)(a) provides: "Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial *Page 5 
or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed the sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."
 {¶ 9} Cr.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 10} The State further contends that "the trial court's result here overruling the motion was still correct but on a different ground, to wit: because res judicata applies to motions to withdraw guilty pleas absent matter outside the record tending to impeach such plea. Here the validity of defendant's plea has been determined in the prior appeal and such holding by this Honorable Court is res judicata in this case."
 {¶ 11} We agree with the State that Reynolds must be narrowly construed. The "rule of Reynolds reaches only a motion such as the onein that case — a `Motion to Correct or Vacate Sentence' — that fails to delineate specifically whether it is a postconviction release petition or a Crim. R. 32.1 motion. Such irregular `no-name' motions must be categorized by a court in order for the court to know the criteria by which the motion should be judged. [The Supreme Court's] decision inReynolds set forth a means by which courts can classify such irregular motions. * * * Reynolds therefore does not obviate Crim. R. 32.1 postsentence motions. Instead, Reynolds sets forth a narrow rule of law limited to the context of that case." State v. Bush (2002), *Page 6 96 Ohio St.3d 235, 237-38,773 N.E.2d 522, 2002-Ohio-3993. Spencer's Motion was specifically filed pursuant to Crim R. 32.1, and the trial court erred in analyzing it as a petition for postconviction relief pursuant to R.C. 2953.21.
 {¶ 12} "Under the doctrine of res judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based on any claim that was the subject matter of the previous action. (Internal citation omitted). The bar applies to all claims that were raised and determined in the previous action or which could have been raised or determined."State v. Wolford, (Sept. 17, 1999), Miami App. No. 99CA10. While R.C. 2953.21 actions are separate civil proceedings that may be barred by convictions in a prior criminal action by the doctrine of res judicata, "[t]he same does not apply to a motion to withdraw a plea that is filed in the identical criminal proceeding which resulted in the conviction, as Crim. R. 32.1 motions are. Therefore, the res judicata bar does not apply" to Spencer's motion. Id.
 {¶ 13} Spencer argues that he was entitled to a hearing on his motion to withdraw his plea. "In order to prevail on a post-sentence motion to withdraw a plea, a movant must show a manifest injustice that needs to be corrected. (Internal citations omitted). The Ohio Supreme Court has defined a manifest injustice as a clear or openly unjust act. (Internal citations omitted). The standard requires a showing of some extraordinary circumstances. (Internal citations omitted). * * * [T]he good faith, credibility, and weight of a movant's assertions in support of a post-sentence motion to withdraw a plea are matters to be resolved by the trial court. (Internal citations omitted).The decision whether to grant a motion to withdraw a plea is committed to the discretion of the trial court. (Internal citation omitted). Moreover, an evidentiary hearing is not required on every post-sentence motion to withdraw a plea. The *Page 7 
movant must establish a reasonable likelihood that withdrawal of his plea is necessary to correct a manifest injustice before a trial court must hold a hearing on his motion." (Internal citation omitted.)State v. Stewart, Greene App. No. 2003-CA-28, 2004-Ohio-3574.
 {¶ 14} "An abuse of discretion amounts to more than an error of judgment but implies the trial court's attitude is unreasonable, arbitrary or unconscionable." State v. Ramos, Montgomery App. No. 19429, 2003-Ohio-2086.
 {¶ 15} Having reviewed Kelly Spencer's affidavit and the record, it is clear that the trial court did not abuse its discretion in overruling Spencer's motion to withdraw his guilty plea without a hearing. Spencer's statements to the trial court at sentencing belie the assertions in Kelly Spencer's affidavit. Spencer stated, "I blacked out and things I don't — I don't remember and it's not me. Because when I'm off drugs and alcohol, I'm a better person. I don't want to do drugs. I try to stop. It's just too overwhelming for me.
 {¶ 16} "I do feel — and to be honest with you, I do feel I need to go to the penitentiary. I need to get away for a while to get my head clear, to get a G.E.D., to go to school. This is hard for me, I'm sorry. To do things like that, things I never done in life. You know, this is like a new beginning for me. You know, I want to get out and take care of my kids the way I need to. You know, this ain't me. You know, what I did was wrong and I'll take the responsibility of it. You know, if you give me the max, I'll have to deal with that. You know, that'll give me time to get my life straight and do what I got to do.
 {¶ 17} "You know, I'm 29, I'm still young. You know, I can get out and take care of my kids the way I need to and get a good job and take the responsibility. Because that's not what I've been doing. What I've been doing was wrong." *Page 8 
 {¶ 18} The trial court noted that the "presentence investigation (PSI) report compiled by the Probation Department included substantial evidence that she had been assaulted by Brian Spencer on the occasion that gave rise to this case. The responding officer noted in his report that Kelly had redness and swelling around her right eye and check. She also told the officer that Brian had pushed her head into a bathroom window and punched her in the face. Brian pushed her hard enough to break the window. Kelly also signed a probable cause statement alleging those actions.
 {¶ 19} "The record also includes records from Mercy Hospital where Kelly was seen that day for her injuries. The records also note swelling, bruising, and redness to her eye and cheek. The injuries were attributed to Brian pushing her into the window and punching her."
 {¶ 20} There is no support for Kelly Spencer's affidavit in the record. Spencer clearly failed to establish a reasonable likelihood that withdrawal of his plea was necessary to correct a manifest injustice, and the trial court accordingly was not required to hold a hearing on his motion. While the trial court applied the incorrect standard to Spencer's motion, the error was harmless; the trial court did not abuse its discretion in finding that Kelly Spencer's affidavit lacked credibility and in overruling Spencer's motion to withdraw his plea without a hearing.
Judgment affirmed.
 WOLFF, P. J. and BROGAN, J., concur. *Page 1