[Cite as *State v. Sulek*, 2011-Ohio-3289.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee          :    C.A. CASE NO. 10CA70

vs.                                    :    T.C. CASE NO. 02CR794

KEITH A. SULEK                         :    (Criminal Appeal from
                           Common Pleas Court)
    Defendant-Appellant         :

. . . . . . . . .

O P I N I O N

Rendered on the 30th day of June, 2011.

. . . . . . . . .

Stephen K. Haller, Prosecutor; Elizabeth A. Ellis, Asst. Prosecutor, Atty. Reg. No.0074332, 61 Greene Street, Xenia, OH 45385
    Attorneys for Plaintiff-Appellee

William O. Cass, Jr., Atty. Reg. No.0034517, 3946 Kettering Blvd., Suite 202, Kettering, OH 45439
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} In *State v. Sulek*, Greene App. No. 2004-CA-2, 2005-Ohio-4514 ("*Sulek I*"), we overruled the error Defendant-Appellant Sulek assigned with respect to the trial court's denial of his Crim.R. 32.1 motion to withdraw his no contest

pleas on a claim of ineffective assistance of counsel. Sulek contended that his pleas were not knowing, intelligent, and voluntary because his counsel had misadvised him that the maximum term of incarceration he faced was thirty-seven and one-half years when, in fact, due to merger of convictions, the term was seventeen and one-half years.

{¶ 2} We overruled the error Defendant assigned in *Sulek I* on a finding that the record unequivocally demonstrates that Sulek knew, and acknowledged in his plea colloquy with the court, that the maximum term he faced was seventeen and one-half years. Therefore, Defendant could not demonstrate the prejudice required by *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, for a claim of ineffective assistance of counsel to succeed.

{¶ 3} In *State v. Sulek*, Greene App. No. 09CA75, 2010-Ohio-3919, ("*Sulek II)*, we reversed the aggregate prison term of thirteen years the court imposed, on the authority of *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, because the court had notified Sulek that he would be subject to a five year term of post-release control when, in fact, the term that could apply was no more than three years. We remanded the case for resentencing.

{¶ 4} On remand, and prior to sentencing, Defendant filed

another Crim.R. 32.1 motion to withdraw his no contest pleas. Defendant argued several grounds for relief, but the only one that could merit relief pursuant to Crim.R. 32.1 was the same claim of ineffective assistance of counsel we rejected in *Sulek I*. The trial court overruled Defendant's motion on the authority of that prior holding. The court then imposed the same thirteen years aggregate sentence it previously imposed, but with a correct notification concerning Defendant's term of post-release control. Defendant appeals.

### ASSIGNMENT OF ERROR

{¶ 5} "THE COURT ERRED WHEN IT DENIED THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEAS."

{¶ 6} While Defendant proffered several grounds for his motion to withdraw his no contest pleas, which the court rejected, on appeal Defendant relies on but one: his claim that his trial counsel was ineffective for misadvising Defendant concerning the maximum penalty he faced.

{¶ 7} At Defendant's resentencing hearing, the trial court heard Defendant's reasons for asking to withdraw his no contest pleas. After hearing those reasons, the court stated:

{¶ 8} "What you're raising today, you've raised previously, and not only has the Trial Court ruled on those areas, but the Court of Appeals has as well. In fact, on the issue of actual

innocence they address that specifically, particularly in – well, in their decision when they upheld your plea and found no error.

{¶ 9} "Therefore, what I'm saying is, absent having something new  before me, I have no basis to change the decision previously made in this case and I have no reason to grant you the right to withdraw your plea."  (T. 7-8).

{¶ 10} Defendant argues that the trial court incorrectly applied the doctrine of res judicata to deny his motion to withdraw his pleas.  Defendant points out that we have held that a conviction does not create a res judicata bar to a Crim.R. 32.1 motion.  *State v. Spencer*, Clark App. No. 2006CA42, 2007-Ohio-2140; *State v. Cochran*, Clark App. No. 2006-CA87, 2007-Ohio-4545.  That only stands to reason, because the relief the motion permits nullifies the plea on which the conviction was entered.  However, the trial court was not referring to Defendant's prior conviction when the court denied Defendant's motion to withdraw his no contest pleas.  The court instead made reference to our holding in *Sulek I*.

{¶ 11} In *Sulek I*, we held that the grounds on which Defendant relied for his claim of ineffective assistance, counsel's misadvice concerning the maximum term Defendant faced, were insufficient as a matter of law to demonstrate the prejudice required by *Strickland v. Washington*.  The law-of-the-case doctrine holds that the decision of the reviewing court in a case  remains the law

of that case on the questions of law involved for all subsequent proceedings at the trial and appellate levels. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1. Our holding in *Sulek I* was the law of the case on Defendant's claim of ineffective assistance of counsel for purposes of the Crim.R. 32.1 motion he subsequently filed. The trial court correctly applied the law of the case when it denied Defendant's motion.

{¶ 12} The assignment of error is overruled. The judgment of the trial court will be affirmed.

HALL, J. And DONOFRIO, J., concur.

(Hon. Gene Donofrio, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Elizabeth A. Ellis, Esq.
William O. Cass, Jr., Esq.
Hon. Stephen A. Wolaver