[Cite as *State v. Burns*, 2018-Ohio-1419.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27374 |
| | : | |
| v. | : | Trial Court Case No. 1988-CR-1058 |
| | : | |
| DAVID D. BURNS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of April, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
        Attorney for Defendant-Appellant

DAVID D. BURNS, Inmate No. 205-955, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
        Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, David D. Burns, appeals from the trial court's decision of November 8, 2016, in which the court overruled his motion to vacate the imposed sentence. Presenting two assignments of error, Burns argues that the trial court disregarded statutory law by sentencing him to life in prison without the possibility of parole, and that his sentence is unconstitutional because he is statistically unlikely to live long enough to become parole-eligible. We find that Burns's assignments of error are frivolous, and therefore, we affirm the decision of the trial court.

## I. Facts and Procedural History

{¶ 2} On September 6, 1988, a jury found Burns—at the time a minor being tried as an adult—guilty of one count of aggravated burglary under R.C. 2911.11(A)(1) (Count 4 of the indictment); two counts of aggravated murder under R.C. 2903.01(A) and (B) (Counts 1 and 2 of the indictment); one count of aggravated robbery under R.C. 2911.01(A)(2) (Count 3 of the indictment); and one count of endangering a child under R.C. 2919.22(B)(2) (Count 5 of the indictment). The trial court held a sentencing hearing on September 23, 1988, at which it sentenced Burns to imprisonment "for the remainder of [his] natural life" on the charge of aggravated murder, to terms of 10 to 25 years on the charges of aggravated burglary and aggravated robbery, and to a term of 4 to 10 years on the charge of endangering a child.[1] Tr. of Hr'g 683, Sept. 23, 1988. The court docketed a termination entry on October 3, 1988.

{¶ 3} Afterward, Burns initiated a direct appeal, arguing that the charges of

---

[1] The court merged the two counts of aggravated murder pursuant to R.C. 2941.25(A). Tr. of Hr'g 683.

aggravated murder and endangering a child should have been treated as allied offenses. *State v. Burns*, 2d Dist. Montgomery No. 11216, 1990 WL 80571, \*2-3 (June 14, 1990). We held that aggravated murder and endangering a child were not allied offenses and affirmed Burns's convictions. *Id.* at \*5.

{¶ 4} On April 7, 2003, Burns moved for modification of his sentence, claiming in relevant part that the trial court abused its discretion by failing to specify, during his sentencing hearing or in the termination entry, when he would become eligible for parole with respect to his conviction on the charge of aggravated murder. The court overruled Burns's motion, and Burns appealed. *State v. Burns*, 2d Dist. Montgomery No. 19931, 2004-Ohio-80. We affirmed, finding that the issue was resolved by the version of R.C. 2929.03 in existence when Burns was sentenced, regardless of the omission in the termination entry. *Id.* at ¶ 5-9.

{¶ 5} On March 14, 2016, Burns moved to vacate his sentence, claiming that the trial court exceeded its authority by sentencing a juvenile to life in prison without the possibility of parole. Finding that this court had effectively resolved the issue in Burns's second appeal, the trial court overruled the motion. Burns later filed an untimely notice of appeal, which we dismissed.

{¶ 6} On October 26, 2016, Burns again moved to have his sentence vacated, and the trial court again overruled the motion, noting that his motion of March 14, 2016, was "nearly identical." Decision Overruling Def.'s Mot. to Vacate Sentence 1, Nov. 8, 2016. Burns appealed, and on March 3, 2017, we appointed counsel to represent him.[2]

---

[2] Burns's notice of appeal was entered onto the docket on December 9, 2016, one day after the deadline under App.R. 4(A)(1). The State moved to dismiss the appeal, but we construed Burns's memorandum in opposition as a motion under App.R. 5(A), which we

Following counsel's submission of an *Anders* brief, Burns filed a brief pro se.

## II. Analysis

{¶ 7} In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the U.S. Supreme Court established a procedure to be followed in those cases in which counsel finds that an appellant lacks any meritorious grounds on which to base an appeal. If "counsel finds [a] case to be wholly frivolous, after [undertaking] a conscientious examination of it," then counsel should inform the court, submit "a brief referring to anything in the record that might arguably support the appeal," and "request permission to withdraw." *Id.* at 744. A copy of counsel's brief should be furnished to the appellant, who must be allowed time to file a brief pro se. *See id.*

{¶ 8} Upon receipt of an *Anders* brief, an appellate court should undertake its own "examination of all the proceedings" to that point and "decide whether the case is wholly frivolous." *Id.*; *see also State v. Peyton*, 2d Dist. Greene No. 2016-CA-41, 2017-Ohio-8253, ¶ 6. If the court finds the "appeal [to be] frivolous, [then it] may grant counsel's request to withdraw" and "dismiss the appeal," or "proceed to a decision on the merits if state law requires it." (Citation omitted.) *Peyton*, 2017-Ohio-8253, ¶ 7. Alternatively, if the court finds that "any issue presented" by counsel or the appellant "is not wholly frivolous," then it must appoint substitute counsel to pursue the appeal. *Anders*, 386 U.S. at 744; *Peyton*, 2017-Ohio-8253, ¶ 7.

{¶ 9} Counsel's proposed assignment of error in the instant case is the following:

> THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT'S NOVEMBER 30, 2016 MOTION FOR

---

sustained.

RECONSIDERATION BECAUSE *STATE V. WILLIAMS*, [148 OHIO ST.3d 403], 2016-OHIO-7658[, 71 N.E.3d 234,] ENTITLES HIM TO HAVE HIS SENTENCE VACATED.

{¶ 10} Counsel's proposed assignment of error relates to Burns's motion for reconsideration. Appellant's *Anders* Br. 4. After filing the motion on November 30, 2016, Burns filed a notice of appeal on December 9, 2016, in which he requested review of "the judgment of the Montgomery County Court of Common Pleas entered on November 8, 2016." The trial court entered a decision on the motion for reconsideration on December 22, 2016.

{¶ 11} An "appeal is perfected upon the filing of a written notice of appeal." *Jackson Tube Serv., Inc. v. Camaco, L.L.C.*, 2d Dist. Miami Nos. 2012 CA 19 & 2012 CA 25, 2013-Ohio-2344, ¶ 43, citing R.C. 2505.04. Once a case has been appealed, the "trial court retains jurisdiction [only] over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment [on] appeal[]." (Citations omitted.) *Id.*

{¶ 12} Effective December 9, 2016, Burns divested the trial court of jurisdiction to reconsider its decision of November 8, 2016, by filing a written notice of appeal from that decision. Because it lacked jurisdiction to reconsider its ruling on Burns's motion to vacate his sentence, the court's subsequent decision on Burns's motion for reconsideration is "a legal nullity." *Id.* We find, therefore, that counsel's proposed assignment of error is frivolous.

{¶ 13} In his brief pro se, Burns proposes two additional assignments of error, of which the first is:

THE DEFENDANT'S SENTENCE IS CONTRARY TO LAW FOR FAILING TO ADHERE TO THE SENTENCING STATUTE IN VIOLATION OF THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND OHIO STATUTORY LAW.

{¶ 14} Burns contends that "the sentence of 'natural life' given at []sentencing by the [trial court] is in violation of the [sentencing] statute." Appellant's Br. 4; *see* Tr. of Hr'g 683. Insisting that he "is <u>not</u> arguing any issue of parole," Burns says that "the correct sentence [was] 44 [years] to life." (Emphasis in original.) *Id.* Relying on this premise, Burns concludes that his sentence is void because the court did not specify a sentence of "44 years to life" at his sentencing hearing on September 23, 1988, or in the termination entry of October 3, 1988. *See id.* at 3-4.

{¶ 15} Under the doctrine of res judicata, a "valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. The doctrine applies equally to claims that were raised and adjudicated in the previous action and to claims that could have been raised. (Citation omitted.) *State v. Spencer*, 2d Dist. Clark No. 2006 CA 42, 2007-Ohio-2140, ¶ 12.

{¶ 16} Burns "advance[d] two arguments concerning the imposition of his sentences" in his second appeal. *State v. Burns*, 2d Dist. Montgomery No. 19931, 2004-Ohio-80, ¶ 2. For "the offenses other than aggravated murder, he argue[d] that the trial court violated R.C. 2929.41 by imposing an aggregate minimum term of incarceration exceeding [20] years," and regarding his conviction for aggravated murder, "he

contend[ed] [that] the trial court erred in failing to state when he [would be] eligible for parole." *Id.* The duration and validity of Burns's sentences were thus "actually and directly [at] issue in [his] former action and [were] [there] passed upon and determined by a court of competent jurisdiction." *See State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 9, citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943).

{¶ 17} In our decision, we found that the trial court, without ambiguity, sentenced Burns to "an aggregate minimum sentence of [44] years." *Burns*, 2004-Ohio-80, ¶ 5-8. With respect specifically to Burns's conviction for aggravated murder, we "agree[d] that the trial court's termination entry improperly failed to address parole eligibility." *Id.* at ¶ 7. Nevertheless, we determined that the "only possible sentence was life in prison with parole eligibility after [20] years" based on "the version of R.C. []2929.03 then in existence," and we observed that "prison records [confirmed that] a minimum sentence of [20] years for that conviction" had been imposed. *Id.* As a result, we found "no prejudice flowing from the technical omission in the trial court's termination entry." *Id.*

{¶ 18} Moreover, Burns's latest motion to vacate his sentence is most properly characterized as a motion for postconviction relief. *See State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997); *Spencer*, 2007-Ohio-2140, ¶ 11. R.C. 2953.21(A)(1)(a) states that "[a]ny person who has been convicted of a criminal offense [and] claims that [the] judgment [is] void or voidable under the Ohio Constitution or the Constitution of the United States" may file "a petition in the court that imposed sentence * * * asking the court to vacate or set aside the judgment or sentence." The trial court, however, arguably did not have jurisdiction to consider Burns's motion to vacate because

the motion itself was untimely under R.C. 2953.21(A)(2), and Burns did not demonstrate that the provisions of R.C. 2953.23(A)(1) or (2) were applicable in his case. *See generally* Def.'s Mot. to Vacate Sentence, Oct. 26, 2016. As a result, this court arguably lacks jurisdiction over the instant appeal for want of a final, appealable order, although the State has not sought dismissal on this basis.

{¶ 19} In Burns's second appeal, we found that the trial court properly imposed an aggregate sentence of 44 years to life. *Burns*, 2004-Ohio-80, ¶ 5-8. Hence, we have already determined that the sentence is not void, implicating the doctrine of res judicata, and we find accordingly that Burns's first proposed assignment of error is frivolous.

{¶ 20} For his second proposed assignment of error, Burns argues that:

THE SENTENCE OF NATURAL LIFE AND 44 TO LIFE GIVEN TO A JUVENILE IS UNCONSTITUTION [sic] PURSUANT TO THE 6TH, 8TH, AND 14TH AMENDMENT [sic] UNDER THE UNITED STATES AND OHIO CONSTITUTIONS.

{¶ 21} Referring to the decision of the Ohio Supreme Court in *State v. Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, 76 N.E.3d 1127, Burns claims that his sentence for aggravated murder "is unconstitutional for being past his life expectancy" because he will "not be eligible for release until the approximate age of 59 years." Appellant's Br. 5. The Court in *Moore* held that sentencing "a juvenile nonhomicide offender to prison for a term of years that extends beyond [his] life expectancy" is unconstitutional under the Eighth Amendment. *See Moore*, 2016-Ohio-8288, ¶ 48 and 100.

{¶ 22} As the State argues in its brief, Burns did not raise this issue in his motion of October 26, 2016, meaning that he has waived the issue for purposes of the instant

appeal. *State v. Brewer*, 2d Dist. Montgomery No. 26153, 2015-Ohio-693, ¶ 35-36; *see generally* Def.'s Mot. to Vacate Sentence. The *Moore* decision, even if the issue was not waived, is not applicable because Burns is a homicide offender. Further, even if *Moore* was applicable, Burns has not demonstrated that his life expectancy was fewer than 59 years when the trial court sentenced him. According to a report published by the U.S. Department of Health and Human Services, an African-American male who reached age 16 in 1988—the year in which Burns was sentenced—had an average life expectancy of an additional 50.7 years, for a total average life expectancy of 66.7 years. *See* U.S. Dept. of Health and Human Services, *Vital Statistics of the United States, 1988*, Vol. II, Section 6—Life Tables, at 11 (Mar.1991).[3]

{¶ 23} We hold that Burns has waived review of this issue by failing to raise it in the trial court. Regardless, Burns's argument would be unavailing because he will become eligible for parole during his expected lifetime. Consequently, we find that Burns's second assignment of error is frivolous.

{¶ 24} Finally, having undertaken an independent evaluation, we find no non-frivolous issues for review in this case. We determined in Burns's second appeal that the sentences imposed by the trial court were proper, despite the technical deficiency in the termination entry, and in his first appeal, we determined that the trial court did not fail to merge any allied offenses of similar import. On the record of this case as it stands, we find no evidence that Burns's constitutional rights have been violated, and he is barred

---

[3] Burns reached age 16 in August, 1988. A recent edition of the same report indicated that total life expectancy for the average African-American male who reached age 45 in 2014 was 76.4 years; Burns was roughly 41.4 years of age on January 1, 2014. *See* U.S. Department of Health and Human Services, *National Vital Statistics Report*, Vol. 66, No. 4, at 3 (Aug. 14, 2017).

by the doctrine of res judicata from raising any non-constitutional errors.

### III. Conclusion

{¶ 25} Burns's assignments of error are frivolous, and having conducted an independent evaluation, we find no non-frivolous issues remaining for review. Therefore, we affirm the trial court's decision of November 8, 2016, overruling Burn's motion to vacate his sentence.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Kirsten Knight
David D. Burns
Hon. Richard Skelton