[Cite as *State v. Bowshier*, 2023-Ohio-959.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-41 |
| | : | |
| v. | : | Trial Court Case No. 21CR0331 |
| | : | |
| JUSTIN W. BOWSHIER | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 24, 2023

. . . . . . . . . . .

IAN A. RICHARDSON, Attorney for Appellee

JOE CLOUD, Attorney for Appellant

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Justin W. Bowshier appeals from his conviction in the Clark County Common Pleas Court after entering a guilty plea to one count of aggravated possession of drugs in violation of R.C 2925.11(A), a felony of the fifth degree. In exchange for his guilty plea, the State agreed to recommend community control, and on June 7, 2022, the trial court sentenced Bowshier to two years of community control,

including 180 days of local jail time, with credit for 14 days and the balance of the sentence to be suspended upon Bowshier's transport to West Central Community Correctional Facility. On June 15, 2022, Bowshier simultaneously filed his motion for reconsideration and notice of appeal.

{¶ 2} Bowshier's appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he found no non-frivolous issues for appeal and requesting leave to withdraw, but he provided one potential issue for our review: the lack of a final decision and/or final order by the trial court regarding Bowshier's motion for reconsideration. Bowshier also filed a *pro se* brief, challenging his sentence by suggesting that he had considered withdrawing his guilty plea because he did not expect jail time to be part of his community control sentence. In his brief, Bowshier also described his efforts to transfer to West Central Community Correctional Facility and the later disposition related to his parole violation in the same matter. Bowshier had not filed a motion to withdraw his guilty plea. For the following reasons, we hereby affirm the judgment of the trial court.

## I.  *Anders* Standard

{¶ 3} When an *Anders* brief is filed, the appellate court must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." *Anders* at 744; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). "An issue is not frivolous merely because the prosecution can be expected to present a strong argument in reply." *State v. White*, 2d Dist. Montgomery No. 28338, 2020-Ohio-5544, ¶ 14, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather,

a frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4. If we find that any issue – whether presented by appellate counsel, presented by the defendant (if a *pro se* brief is filed), or found through an independent analysis – is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. *Id.* at ¶ 7.

## II.    Factual Background and Analysis

{¶ 4} In the present case, the *Anders* brief identifies the following issue that Bowshier's appellate counsel raised: the lack of a final decision and/or final order by the trial court regarding Bowshier's motion for reconsideration. Counsel asserted that the lack of a final decision or final order by the trial court "potentially creates an issue of there being no Final Judgment Entry for Appellate Review in the trial court case." Appellate counsel also sees no non-frivolous arguments regarding this issue. We agree with counsel's assessment.

{¶ 5} The Supreme Court of Ohio determined that a judgment of conviction is a final appealable order when the order sets forth the manner of conviction and the sentence. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 18. Because Bowshier's motion for reconsideration was filed after the judgment of conviction, which included the manner of conviction and the sentence, the trial court's lack of a final decision or final order regarding Bowshier's motion for reconsideration was of no

consequence.

{¶ 6} Moreover, an "appeal is perfected upon the filing of a written notice of appeal." *State v. Burns*, 2d. Dist. Montgomery 27374, 2018-Ohio-1419, ¶ 11, quoting *Jackson Tube Serv., Inc. v. Camaco, L.L.C.*, 2d Dist. Miami Nos. 2012-CA-19 & 2012-CA-25, 2013-Ohio-2344, ¶ 43, citing R.C. 2505.04. Once a case has been appealed, the " 'trial court retains jurisdiction [only] over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment [on] appeal[ ].' " *Id.* By filing his notice of appeal on the same day as his motion for reconsideration, Bowshier divested the trial court of jurisdiction to reconsider its June 7, 2022, judgment entry of conviction.   Thus, counsel's proposed assignment of error is frivolous.

{¶ 7} Next, in his brief, it appears that Bowshier's only assignment of error is whether his guilty plea was entered knowingly, intelligently, and voluntarily, as he asserts that he did not expect jail time to be a part of his community control sentence, and, thus, spoke to his attorney about withdrawing his guilty plea. However, no motion to withdraw guilty plea was ever submitted.

{¶ 8} The parties entered into a plea agreement, and the following exchange occurred at the plea hearing on May 18, 2022:

[THE COURT]: Before the Court is Case 21-CR-0331, State of Ohio versus Justin Wayne Bowshier. The defendant is charged with aggravated possession of drugs, a felony of the fifth degree.

The Court has been presented with a plea of guilty to that offense.

Document indicates that the parties understand that a presentence

investigation will be conducted prior to disposition, and at the disposition the State is agreeing to recommend community control.

Are those all the terms as understood by the State?

[PROSECUTOR]: They are, Your Honor.

[THE COURT]: Are those all the terms as understood by the Defense?

[DEFENSE COUNSEL]: They are.

* * *

[THE COURT]: As to the single charge in the indictment, aggravated possession of drugs, a felony of the fifth degree, how does the defendant wish to proceed?

[DEFENSE COUNSEL]: Thank you, Your Honor.

Pursuant to the agreement, the terms of which [sic] been placed on record, Justin would change his originally entered plea of not guilty to one of guilty to the sole count of the indictment, aggravated possession of drugs, a fifth-degree felony, with the understanding that a presentence investigation would be completed prior to disposition and that the State of Ohio would recommend a sentence of community control.

[THE COURT]: You are Justin Wayne Bowshier?

[DEFENDANT]: Yes, sir.

* * *

[THE COURT]: Are you under the influence of alcohol, drugs, or medication today?

[DEFENDANT]: No, sir.

[THE COURT]: Are you on probation, parole, community control, or post-release control?

[DEFENDANT]: No, sir.

[THE COURT]: Have you discussed your case and possible defenses with your attorney?

[DEFENDANT]: Yes, sir.

[THE COURT]: Are you satisfied with the advice and representation your attorney's given you?

[DEFENDANT]: Yes, sir.

* * *

[THE COURT]: Is this your signature on the last page of the plea form?

[DEFENDANT]: Yes, sir.

[THE COURT]: Before you signed the document, did you read it and go over it with your attorney?

[DEFENDANT]: Yes, sir.

[THE COURT]: Did you understand everything in the document?

[DEFENDANT]: Yes, sir.

[THE COURT]: The possible maximum penalty for this offense is 12 months in prison, a $2500 fine, driver's license suspension of six months to five years, and court costs.

Do you understand that?

[DEFENDANT]: Yes, sir.

[THE COURT]: If you go to prison, upon your release after serving the time given you by the Court, the Parole Authority will have the option of placing you on post-release control.

Do you understand that?

[DEFENDANT]: Yes, sir.

* * *

[THE COURT]: Has anyone made any promise to you other than what's been placed on record to get you to enter this plea?

[DEFENDANT]: No, sir.

[THE COURT]: Has anyone made any threat to you?

[DEFENDANT]: No, sir.

[THE COURT]: Do you understand the Court is not required to follow recommendations of disposition?

[DEFENDANT]: Yes, sir.

[THE COURT]: Has anybody given you any suggestion to anticipate any particular disposition?

[DEFENDANT]: No, sir.

[THE COURT]: By pleading guilty, you admit the truth of the facts the prosecutor put on record; you admit that you committed the offense of aggravated possession of drugs, a felony of the fifth degree; and you waive your right to a trial by jury.

Do you understand that?

[DEFENDANT]: Yes, sir.

[THE COURT]: At a trial you could not be found guilty unless the State proved beyond a reasonable doubt to every member of the jury each and every element of the offense.

Do you understand that?

[DEFENDANT]: Yes, sir.

[THE COURT]: Those elements would be that on or about January the 10th, 2021, in Clark County, Ohio, you did knowingly obtain, possess, or use the Schedule II controlled substance methamphetamine or a compound, mixture, preparation, or substance containing the Schedule II controlled substance methamphetamine.

Do you understand these elements, sir?

[DEFENDANT]: Yes, sir.

[THE COURT]: At the trial you would have the right to be confronted by every witness brought against you and the right to cross-examine those witnesses.

Do you understand these rights?

[DEFENDANT]: Yes, sir.

[THE COURT]: You would have the right to have witnesses testify in your behalf. You would have the subpoena power of the Court to compel your witnesses to appear.

Do you understand these rights?

[THE COURT]: You would have the right to testify, but you could not be compelled to do so. If you decided not to testify, the fact that you did not testify could not be used against you.

Do you understand that?

[DEFENDANT]: Yes, sir.

* * *

[THE COURT]: Mr. Murphy, are you satisfied that your client understands the nature and elements of the offense to which he's pleading guilty and that would have to be proven if he were to go to trial?

[DEFENSE COUNSEL]: Yes, Your Honor.

[THE COURT]: Mr. Bowshier, at this time are you telling the Court that you want to waive all the rights we've gone over, give them up for the purposes of this case, and plead guilty to the charge of aggravated possession of drugs, a felony of the fifth degree?

[DEFENDANT]: Yes, sir.

[THE COURT]: Find the defendant's knowingly, voluntarily, and intelligently waived his rights and entered a plea a guilty to the charge of aggravated possession of drugs, a felony of the fifth degree. Based upon his plea, I find him guilty of that offense.

* * *

{¶ 9} At the disposition hearing on June 7, 2022, the trial court sentenced Bowshier

to two years of community control and 180 days in jail, with 14 days of credit and the balance to be suspended upon Bowshier's transport to West Central Community Correctional Facility. At the hearing, the following exchange took place:

[THE COURT]: * * *

Going back to the factors under 2929.12(D), the defendant has a history of criminal convictions and has not always responded favorably to sanctions previously imposed. I find no genuine remorse for the offense. I find no factors indicating recidivism is less likely. There's no military service record to consider. The defendant scored high on the Ohio Risk Assessment Survey.

This is a felony of the fifth degree, a nonviolent offense, but mandatory community control is not applicable because of the defendant's prior felony convictions. The record indicates a prior violation of conditions of his bond in this case. The defendant previously served a prison term; and as I've indicated further, this offense occurred while the defendant was on bond or under release on another case in Chillicothe. So all of these factors would indicate you're not much into following rules, even the simplest law of the State of Ohio, which is don't drive without a license and insurance. That should be the easiest one to follow.

[DEFENDANT]: Yes, Your Honor.

[THE COURT]: But you keep breaking that and you have offenses of violence and you have offenses of violence pending in municipal court. The

municipal court's sitting over there wondering what are they gonna do with the felony? Are we gonna actually handle these cases or are we gonna let them roll to the side?

This is a nonviolent felony of the fifth degree with the defendant scoring high on the ORAS.

Today I'm putting the defendant on community control for a period of two years. We'll start with intensive supervision.

You will comply with all the rules of the probation department. These rules will include the following sanctions: 180 days in jail. The balance of the jail time can be suspended. He has credit for 14 days on that sanction, and then the balance of that can be suspended when he is transported to the program at the West Central Community Correctional Facility where he will have to complete that program as a sanction of community control as well as any recommended follow-up programs.* * *

{¶ 10} The potential penalty for a fifth-degree felony conviction is six to 12 months in prison. R.C. 2929.14. R.C. 2929.16 allows the trial court to impose a jail term as part of a community control sanction:

(A) Except as provided in this division, the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or combination of community residential sanctions under this section. * * * Community residential sanctions include, but are not limited to, the following: * * *

(2) Except as otherwise provided in division (A)(3) or (6) of this section and subject to division (D) of this section, a term of up to six months in a jail; * * *

{¶ 11} Crim.R. 11(C)(2) requires the court to address the defendant personally and: (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *State v. Brown,* 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3. As indicated above, all of this was done by the trial court.

{¶ 12} The trial court considered the presentence investigation, the record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under R.C. 2929.11 and then balanced the seriousness and recidivism factors under R.C. 2929.12. Bowshier was advised by the trial court that the court did not have to impose the agreement as written and that the possible maximum penalty for the offense was 12 months in prison, a $2,500 fine, driver's license suspension of six months to five

years, and court costs; Bowshier acknowledged his understanding of the same. Bowshier's potential sentence included up to 12 months in jail but, based on the plea agreement, the trial court sentenced Bowshier to two years of community control, including 180 days of local jail time, which was within the trial court's discretion because a local jail sentence is a potential term of community control.

{¶ 13} Having performed our duty under *Anders* to independently review the record, we have found nothing to suggest Bowshier's guilty plea was anything less than knowingly, intelligently, and voluntarily entered. The record reflects a thorough Crim.R. 11 plea colloquy; that Bowshier was represented by counsel; that Bowshier was satisfied with his attorney's representation of him; that Bowshier indicated that he understood the proceedings and the terms of the plea agreement; that Bowshier was personally addressed at the plea hearing; that Bowshier was advised of all the potential consequences of his guilty plea; and that Bowshier's sentence was within the applicable statutory range and was not contrary to law.

{¶ 14} Upon review of the entire record, including the plea and sentencing hearing transcripts, the docketed filings, and the presentence investigation, we are unable to find any meritorious appellate issues and find this appeal to be wholly frivolous. Any potential issues with Bowshier's community control compliance and probation violation hearing as set forth in his pro se brief are outside the scope of this appeal.

### III.     Conclusion

{¶ 15} We affirm the judgment of the trial court.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.